## HOWARD *v.* SCOTT.

### [IN CHANCERY.]

*Conclusiveness of Master's Findings.  Decree.  Costs.*

The finding of a master relative to facts is as conclusive as the verdict of a jury in a civil cause, and will be reviewed only for like reasons. Thus, where masters found, upon evidence tending so to prove, it not appearing that they had acted corruptly or upon a mistaken view of the law, that a deed, absolute upon its face, was in fact a mortgage, it was *held* that the finding was conclusive.

On a bill alleging large dealings between orator and defendant, a contract between them by which orator was to convey to defendant certain lands upon certain considerations which were performed by orator but not by defendant, and pending foreclosures by defendant against orator, and praying for an account of their dealings, the chancellor held upon masters' report, that said deed was in effect a mortgage, and that the sum found due be the sum for which defendant should have decree in his foreclosure against orator. *Held,* that it was not intended thereby to decree a foreclosure of such mortgage, but to order a decree on said pending foreclosures.

The court may award costs to the party prevailing on all points upon a bill in equity, although certain of his items of claim be disallowed.

APPEAL from the Court of Chancery.   The bill alleged that the orator began to have dealings with the defendant in 1868, and, from that time to 1871, had dealings with him to the amount of many thousand dollars, and that the defendant had at times had large sums of the orator's money in his hands; that prior to 1871 the defendant, at the orator's request, purchased a mortgage on a piece of woodland in Berlin, called the Perley lot, containing about one hundred and forty acres, worth at least $25 per acre, said mortgage being for the sum of $750, which, with interest thereon, amounted in July, 1870, to $808.50; that the orator believed the defendant was at that time indebted to him more than that sum ; that defendant purchased said mortgage at a discount of $25, and charged the whole sum to the orator; that about May 9, 1871, one Harvey Tilden recovered judgment against the orator for about $2,000, and threatened to sell the orator's property on execution, whereupon the orator called on the defendant to assist him, which the defendant agreed to do in the manner following : the defendant agreed, in consideration of a deed of said land from the orator, to cancel said mortgage thereon, credit the

amount of the mortgage note to the orator, pay the orator the sum of $1,500 to apply on said attachment, and, if the orator could sell said land for more than the sum so allowed, with interest thereon, and pay for the defendant's trouble, to allow the surplus to the orator ; that in pursuance of said agreement the orator conveyed said land to the defendant by deed of warranty on June 14, 1871, but that the defendant wholly refused to perform said agreement on his part, and never gave the orator any writing for said land, and never assumed any new liability for the orator therefor, but claimed to hold said land to secure him against the orator ; that afterwards the orator had an opportunity to sell forty acres of said land for $1000, and went to the defendant to have him convey the same and take the money therefor, which he refused to do, claiming to be the owner thereof, and also an opportunity to sell timber thereon, which the defendant would not allow to be cut; that by reason ofthe defendant's failure to perform his said contract, the orator had been put to great cost and trouble ; that the defendant entered upon said land under said deed thereof, and cut and sold wood therefrom without consulting the orator, but at the time the bill was filed, claimed that said deed was only a mortgage to secure a general balance ; that the defendant had mortgages on all of the orator's land, and refused to apply said $1,500 on any of them, but had commenced suits on the notes and to foreclose said mortgages, and had attached property, and by holding the orator's money and bringing a multitude of suits, was trying to ruin the orator. *Prayer*, for an injunction, restraining the defendant from taking judgment on said notes, and from perfecting a decree of foreclosure on said mortgages, and for an account of said dealings.

The answer admitted that the orator was indebted to the defendant to a large amount, which the defendant had tried to collect by suits and petitions for foreclosure ; denied that the defenddant had large sums belonging to the orator in his hands, but alleged that the orator had been at all times indebted to the defendant ; admitted that he bought said mortgage, and that he still held the mortgage note, but denied that he bought it at the orator's request ; admitted the conveyance of said land to the defendant

as alleged, but averred that the deed whereby it was conveyed, though absolute upon its face, was in fact given as security for what the defendant then was, or thereafter might be, owing to the defendant; denied that in consideration of said agreement the defendant agreed to give the orator $1,500, or any sum, but alleged that the defendant agreed that if the orator paid the defendant what he then owed, or might thereafter owe him, he would re-deed said land to the orator, which he had always been ready and willing to do; denied that he had ever opposed or prevented any sale of said land on any terms satisfactory to the orator, provided the defendant could be paid its value, or the amount of the orator's said indebtedness; denied the prevention of the sale of wood from said land; and alleged that the defendant had the orator's consent for the sale of such wood therefrom as the defendant had sold, and that defendant had credited the proceeds thereof on the orator's account.

Reference was made to master, in accordance with the prayer of the bill, who reported, in substance, that on June 13, 1871, the defendant having purchased and, being the holder and owner, of a note secured by mortgage on the land described in the bill, and having also become holden for the payment of large sums due or to fall due on the orator's outstanding obligations, the orator conveyed said land to the defendant by a deed of that date, in form a deed of warranty; that at the time of the delivery of said deed to the defendant, no writing passed from him to the orator, nor did the defendant cancel any obligation nor release any debt due him from the orator; that from the testimony, a part of which was objected to by the orator, for that parol evidence was not admissible to vary a deed, they found that the deed of said land to the defendant, though absolute in form, was intended by the parties thereto as security to the defendant for existing or future indebtedness of the orator, it being agreed that whenever such indebtedness should be paid, the defendant should redeed to the orator.

The masters allowed annual interest on the notes that the defendant held against the orator, but not on the notes that the defendant took up for the orator and charged to him on account.

They also disallowed several items of claim of each of the parties. The orator excepted to the report, for that the finding that the deed to the defendant was in effect a mortgage was against the weight of evidence, and for that that was a question for the court, and not for the masters. The cause was heard at the March Term, 1877, on bill, answer, traverse, testimony, and masters' report, and the court, REDFIELD, Chancellor, ordered and decreed that the deed to the defendant was, in equity, a mortgage ; that the masters' report be accepted, and all exceptions thereto overruled, except as to the matter of interest ; that the master's report was referred to the clerk to compute interest on the notes, according to their tenor ; that yearly balances with simple interest be struck, beginning with March 1, 1868, on what had been paid and received by defendant for and from the orator ; and that such yearly balances in favor of the orator were to be applied in satisfaction, first, of the interest, and, secondly, of the principal of a note of March 1, 1867, held by defendant; that the sum found due in equity, by the masters as modified by the recast of interest, with interest thereon, be the sum for which defendant have decree in his foreclosure against the orator ; that the injunction be dissolved; and that defendant recover his cost in this proceeding. Appeal by the orator.

*J. A. Wing*, for the orator.

The decree foreclosing the mortgage was erroneous. There could be no such decree, except upon a cross bill.

The finding of the masters that the deed was in effect a mortgage, was founded on a mistake of facts. Besides, that was a matter for the court, and not for the masters.

The court should not give the defendant costs, as the orator has prevailed in part as to defendant's claims.

*Gleason & Field*, for the defendant.

The masters properly found that the deed was in effect a mortgage. *Campbell* v. *Worthington*, 6 Vt. 448 ; *Baxter* v. *Willey*, 9 Vt. 276 ; *Wright* v. *Bates*, 13 Vt. 341 ; *Hills* v. *Loomis*, 42 Vt. 562.

The opinion of the court was delivered by

Ross, J.    The masters' report finds that the deed of the Perley lot, though absolute in form, was, as between the parties, in fact a mortgage to secure to the defendant any indebtedness which the orator might be then owing him, or which he might thereafter owe him.    The finding of a master in matters referred to him, in re- gard to the facts established by the testimony, is as conclusive upon the parties as the verdict of a jury in a civil cause, and will be reviewed or set aside only for the same reasons that a verdict would be.    Where there is evidence tending to establish the facts found, neither the Court of Chancery, nor the Supreme Court on appeal, will review the findings in regard to the weight to be given to the testimony.    The party attacking the masters' report in this particular must satisfy the court that the master has acted cor- ruptly or has been led astray by having entertained a mistaken view of the law applicable to the testimony.

Nothing of the kind is attempted to be shown in this case. Moreover, the testimony, we think, fully warranted the master in finding the facts reported in regard to this deed.    Hence there is no error in the decree of the Court of Chancery in regard to the effect to be given to this deed.    The orator claims that the chancellor, in the decretal order, ordered a foreclosure of the Per- ley lot, so called, under the deed brought in controversy in this case.    If that be so, it is error.    The bill is not drawn for that purpose, and the relief under the bill must be in conformity with the bill. But we do not so understand the decretal order. Under the bill, an account was taken of the indebtedness of the orator to the defendant, and the balance found, and also an injunction ob- tained on the defendant against proceeding in a foreclosure suit against the orator on other premises.    The decretal order, after directing a recast of the interest on the yearly balances of account and indebtedness, states that the sum so found is the sum for which the defendant is to " have a decree in his foreclosure against the orator," and then proceeds to dissolve the injunction obtained in this suit, staying the prosecution of orator's foreclosure suit. From the language of the decretal order it is entirely clear that

the chancellor did not intend to order a decree of foreclosure in this suit, but in the defendant's foreclosure suit. Perhaps that part of the order should be treated as surplusage in this suit. The only decree ordered in this suit is one establishing that the deed of the Perley lot is, in equity, a mortgage, and also the amount due from the orator to the defendant. As the defendant has prevailed in both the particulars, which the orator has called in question by his bill, we see no occasion for disturbing the decree of the chancellor in respect to costs.

The decree of the Court of Chancery, establishing that the deed from the orator to the defendant of the Perley lot, mentioned in the bill, and dated the     day of June, 1871, is in equity a mortgage, and establishing the amount due from the orator to the defendant, and dissolving the injunction, is affirmed, and the cause remanded to the Court of Chancery.