H. AND H. E. RANDALL AND OTHERS *v.* SIAS RANDALL AND OTHERS.*

[IN CHANCERY.]

*Master's Report Recommitted, but Master dies before further Proceedings.*

1. The case was referred to a special master under the statute, R. L. s. 724; a report was made, exceptions taken, the case recommitted for further findings; but before there were other proceedings the master died; and the chancellor then overruled the exceptions, and, without noticing the order to recommit, rendered a decree. *Held*, error; that there was nothing for the chancellor to act upon.
2. Special masters, in the finding of facts, are substituted for the court; and their findings, upon legal evidence, are conclusive. They are not required to embody in their report, or return with it, any of the evidence, unless required to do so in the order appointing them, any further than may be necessary to present the legal questions.†
3. R. L. s. 724, special masters in chancery, construed.

BILL in chancery. Heard on bill, answer, replication, master's report and exceptions thereto, June Term, 1881, Caledonia County, Ross, Chancellor. The case was referred, and a report made. The defendant excepted,

---

*Heard at General Term, 1881.

† See *Sargeant* v. *French*, 54 Vt. 393, and *Merrill* v. *R. R. Co.* Ib. 206.—REP.

" Because of the admission of parol testimony against defendants' objection to prove agreement to give up Hadley mortgage and accept another mortgage in payment ; and to the admission of testimony and evidence in all cases where objections were made by defendants' solicitors as shown by the master's minutes, which are referred to and made a part of these exceptions ; . . because it finds certain alleged facts to be proven when in fact there was no evidence before the master tending to prove the facts as found by master."

The chancellor ordered :

" The reports in the above cases are recommitted to the master to state definitely what testimony was excepted to under defendants' first above exception to the acceptance of the report which influenced the finding of any of the facts reported, and what his findings would be if the testimony excepted to was excluded. Also to state what testimony there was before him on which the facts were found, and in regard to which, in the above exceptions, it is claimed there is no testimony. And also to report upon the further requests for special findings by each party hereby committed to him. By the first above instruction the chancellor does not mean that the master should state all the testimony where the objection to the testimony was that the contract was such that it could not be shown by parol testimony because within the statute of frauds, further than to state whether the facts reported are found on parol or written testimony."

The other facts are stated in the opinion of the court.

*M. Montgomery* and *H. C. Bates*, for the orators, cited, on the question that the report was insufficient to base a decree on, 5 Mass. 139 ; 7 Mass. 412 ; 8 Vt. 108 ; 6 Mass. 70.

*Belden & Ide* and *Elisha May*, for defendants.

The opinion of the court was delivered by

ROYCE, J. The above cause and the causes of *A. J. R. Mears* v. *H. & H. E. Randall et al.* and *A. J. R. Mears and Sias Randall* v. *H. E. Randall et al.* were referred under the act of 1878 to a special master. The master heard the cases together and made a report in each ; exceptions were filed to the report in each of the cases, which are substantially the same, and requests were

filed for further and additional findings.   When the reports came on for hearing before the chancellor he ordered them recommitted to the master to state definitely what testimony was excepted to under the first exception to the acceptance of the report which influenced the finding of any of the facts reported, and what his findings would be if the testimony was excluded; also to state what testimony there was before him on which the facts were found and in regard to which it was claimed by the exceptions there was no testimony; and to report upon the further requests for special findings by each party.   Before any further proceedings were taken the master died, and the chancellor ordered decrees to be made in all the cases upon the report that had been made by the master.   In the decretal orders made by him the exceptions to the reports are overruled, but no notice is taken of the previous order made by him that there should be a report made upon the requests for special findings.

The question presented is whether the reports made by the master, taken in connection with the subsequent orders made by the chancellor, furnished a basis upon which final decrees could be made.   The decision of the chancellor that further findings by the master were necessary was a judicial determination of that question, and, until reversed or complied with, there could be no complete reports upon which the chancellor could act.   The necessity and propriety of the orders were decided by the chancellor upon the hearing, and cannot now be questioned.   The act of 1878 (section 724, R. L.), which provides for the appointment of special masters to determine issues of fact in chancery, requires them to make a full report of the facts found by them material to the cause, and to state in their report decisions made as to the admission or rejection of evidence when the party against whom the decision is made so requests in writing.   They are to try and determine such issues upon oral testimony and depositions taken in the manner provided in suits at law, and all proper written or documentary evidence, and when their report is filed and accepted the court shall make a decree in the cause.   They are not required and the act does not contemplate that they should embody in their report, or return with it, any of the evidence used before them,

unless required to do so in the order appointing them, any further than may be necessary to present the legal questions made as to its admissibility or materiality. The masters, in the finding of facts, are substituted for the court; and their findings, upon legal evidence, are conclusive.

The chancellor states that to determine the questions raised he carefully examined the quite full minutes of the testimony taken by the master and all the exhibits in the case, but it nowhere appears that all the testimony before the master was reduced to writing, and if it had been, the chancellor could not say how far the findings of the master were influenced by any portion of it, nor how the rights of the parties might be affected by findings upon the requests filed. While we appreciate the commendable endeavor of the chancellor, with such material as was accessible, to make such decrees as should be reasonably satisfactory and thus save further expense to the litigants, it was such a departure from the well-established course of procedure in the trial of chancery causes that it would be a dangerous precedent to give it judicial sanction.

The decree of the court of chancery in each of the cases is reversed, and causes remanded to be proceeded with the same as if no reports had been made by the master.