HEMAN A. WATERMAN *v.* O. & A. H. BUCK AND OTHERS.

[In Chancery.]

*Findings of Master Conclusive. Damages. Millowner. Deposit of Sawdust in Stream. Pleading.*

1. The findings of a master will neither be reviewed nor revised, if there is evidence tending to sustain them, unless fraud or corruption is shown.
2. A decree in a suit in chancery, brought against a millowner to recover damages caused by depositing sawdust in a stream, whereby the orator's meadow was injured, should not include damages accruing subsequently to the commencement of the suit; and if it does, it will be reversed, and the report recommitted, to have such damages eliminated from the sum reported, unless the pleadings are so amended as to put in issue such damages.

BILL IN CHANCERY. Heard on bill, answer, master's report, and exceptions thereto, December Term, 1884, POWERS, Chancellor.

A decree was entered, making the injunction against the defendants perpetual; and that the orator have a decree against O. & A. H. Buck for $490; against O. W. Stearns & Son for $70; against C. J. Patch for $60; against L. H. Parkhurst for $40; against Smith & Ladd for $40.

The bill was brought to restrain the defendants from depositing sawdust and waste in the stream, whereby the orator's meadow was damaged, and for damages. The parties against whom the decree was made were millowners on the same stream. The master proportioned the damages between them. The bill was served May 4, 1883. One exception to the report was as follows:

"Because damage is allowed for deposits made both before and since suit was brought, in one sum; and because damages were allowed for deposits made after bringing the bill."

*Buck & Son* and *Brigham & McFarland*, for the defendants.

No damage should have been assessed for injury happening since the bringing of the bill. Equity will take no notice of matters or facts happening since the commencement of the suit, unless brought into the case by some proper supplemental proceeding. *Blaisdell* v. *Stevens*, 16 Vt. 179; *Downer* v. *Wilson*, 33 Vt. 1; *Porter* v. *Bank of Rutland*, 19 Vt. 410; *Saunders* v. *Frost*, 5 Pick. 275; *Bardwell* v. *Ames*, 22 Pick. 375; Story Eq. Pl. s. 336; Mitf. Pl. 49.

The reference to the master must be founded on the pleadings. 2 Dan. Ch. 1221, *n.* 2; *Consequa* v. *Fanning*, 3 Johns. Ch. 587; *Gordon* v. *Hobart*, 2 Story, 260.

*P. K. Gleed*, for the orator.

The findings of the master are conclusive. *Randall* v. *Randall*, 55 Vt. 214; *Sergeant* v. *French*, 54 Vt. 393; *Matter of Merrill*, Id. 200.

The damage was a continuing trespass, and should be allowed and assessed up to the time of filing. Dan. Ch. p. 1221, *n.*

The opinion of the court was delivered by

Ross, J.   I.   The exceptions of the defendants to the master's report, to the effect that the facts found are against the weight of the evidence, cannot be entertained. There was evidence tending to establish the facts found, on all the points excepted to, on this ground. Where there is such evidence, the facts found by the master, unless fraud or corruption is shown, will not be reviewed nor revised in the Court of Chancery, nor on appeal in this court. *Howard* v. *Scott*, 50 Vt. 48; *Merrill* v. *R. R. Co.* 54 Vt. 200; *Randall* v. *Randall*, 55 Vt. 214.

II.   The only other exception relates to the damages found by the master. The bill is brought to enjoin the defendants from depositing the sawdust and waste made at

their respective lumber mills, in the stream which flows past the orator's meadow, and which, in high water, overflows it, and to recover damages arising from the sawdust and waste already brought by the stream from such mills upon the orator's meadow. In the bill the orator only prays for an accounting for the damages already done. The bill was brought in May, 1883. The greater part of the damages found by the master were done in the high water, in the springs of 1883 and 1884. The master has included the damages for both years in a gross sum. On the facts reported we entertain no doubt but the orator is entitled to recover the damages sustained when he brought his bill. We think it was error for him to include the damages which were occasioned by deposits made subsequently to bringing the bill. On the facts, every overflow of the stream bringing fresh deposits of waste from the defendants' mills upon the orator's meadow, was an independent wrong, occasioning damage, and furnished a new cause of action. It was early settled in this State, that the decree in chancery must be upon facts stated and put in issue in the bill. In *Blaisdell* v. *Stevens et al.* 16 Vt. 186, REDFIELD, J., speaking of facts arising subsequently to bringing the bill, says: "That portion of the defence resting upon title derived from Harriet Ryan, which was not obtained until after the parties were at issue in the case, and which has not been brought into issue by subsequent proceedings, cannot be considered in deciding the case. When a fact occurs during the pendency of a suit in chancery, which it is deemed material to have considered in deciding the case, leave must be obtained by the orator, if it be on his part, to withdraw his traverse and amend his bill, or file a supplemental bill, or by the defendant, if on his part, to file a cross bill, in order to bring the new matter within the issue, that testimony may be taken on both sides if desired."

In *Porter* v. *Bank of Rutland*, 19 Vt. 410, the orator had failed to allege that the bank had notice of the wife's right

to the fund in controversy, and, although the bank denied, in its answer, having notice, and the answer was traversed, DAVIS, J., says: " Yet it would require us to overleap principles of chancery everywhere recognized, and in their nature most safe and salutary, to regard these circumstances as forming an issue upon that essential point;" and the case was reversed *pro forma,* and remanded for further proceedings. *Ormsby* v. *Low,* 24 Vt. 436, and *Downer* v. *Wilson, et al.,* 33 Vt. 1, illustrate and enforce the same doctrine.

In the present case, when the bill was brought, no allegation was or could be made, that the orator would suffer damages from the wrongful acts of the defendants in the spring of 1884; nor that then there would be high water in the stream that would carry sawdust and waste from the defendants' mills upon the orator's meadow; and no issue on that subject was, or could be joined. The damages, already sustained through the wrongful acts and neglects of the defendants from the sawdust and waste upon the orator's meadow, when the bill was brought, the orator had the right to have assessed and to recover. If he would recover for other damages of the same nature, arising from acts and neglects of the defendants done subsequently to bringing his bill, he should, before decree, have put such acts and neglects and the damages arising therefrom in issue, by proper proceedings in the Court of Chancery. The cases speak of accomplishing this either by an amendment or by a supplemental bill. Upon principle an orator can, by amendment, bring into his bill only facts which existed when he brought his bill. If he have further rights in the subject-matter of the bill accrue during the pendency of the bill, especially if after answer, they should be put in issue by a supplemental bill brought upon leave of the Court of Chancery.

The decree of the Court of Chancery, so far as it includes the damages which accrued in 1884, is not supported by allegations in the bill, and is erroneous. As to these dam-

ages, the defendants' exception to the master's report should have been sustained, and the report have been recommitted to have such damages eliminated from the sum reported, unless the pleadings were so amended as legitimately to put in issue the injury and damages of 1884. In whatever way, such injury and damages might be brought upon the record by the orator, the defendant would have the right to answer, and, if by denial of the injury and damages, to be heard by evidence in regard thereto. The only authority cited by the orator's solicitor to sustain the decree is a note on page 1221 of Dan. Ch., which holds that, on a bill to foreclose or redeem a mortgage, the accounting is brought down to the hearing before the master or to the time of the decree. In such a case, the prayer is for the ascertainment of the sum due in equity, or the sum which the mortgagor must pay to redeem the mortgage premises. Bringing the accounting to the time of the decree in such a case does not transcend the subject-matter, or prayer of the bill. Such holding is in harmony with and not opposed to the views already announced. Since the hearing, in another case, my attention has been called to *Bliss* v. *Rice,* 17 Pick. 39; *Tucker et al.* v. *Howard,* 128 Mass. 361; *Mears* v. *Dole,* 135 Mass. 508; *Winslow* v. *Nayson,* 113 Mass. 421, and *Smith* v. *Everett,* 126 Mass. 305. A careful examination of these cases does not sustain the orator's contention. While some of them allow damages to be ascertained and included in the decree, which accrued subsequently to bringing the bill, such damages are based substantially upon the facts alleged in the bill. If the holding in some of the cases should be thought to conflict with the views already announced, they will also conflict with decisions by the same able court in other cases. In *Saunders* v. *Frost,* 5 Pick. 275, and *Bardwell* v. *Ames,* 22 Pick. 375, it is held that no decree can be made in regard to matters occurring subsequently to bringing the bill, although affecting the merits of the controversy, unless the same are put in issue by a supplemental bill.

For the error in overruling the defendants' exception to the master's report in regard to the damages of 1884 being found by the master and included in the decree, the decree of the Court of Chancery is reversed, and that exception to the report sustained; and, inasmuch as the master's report does not state the damages sustained at the time the bill was brought, which we hold that the orator is entitled to recover, no decree can now be ordered for the orator in regard to damages, and the cause is remanded to be further proceeded with in the Court of Chancery.