CENTRAL TRUST CO. OF NEW YORK *v.* TEXAS & ST. L. RY. CO.

(*Circuit Court, E. D. Missouri, E. D.* October 10, 1887.)

1. MASTER AND SERVANT—DEFECTIVE MACHINERY—KNOWLEDGE.
   Plaintiff, while assisting as a brakeman in making up a train by the direction or with the consent of the yard-master, who had authority to employ necessary assistants in his department, was thrown violently from the end of the train by the sudden slack of the train caused by the engineer reversing the engine to arrest the speed of the train as it was running down grade, such reversal being rendered necessary because of a defect in a brake which had existed for four or five months, and was known to the foreman of the round-house, whose duty it was to repair the defect, but was not known to plaintiff. *Held*, that plaintiff was entitled to recover for the injuries caused by the fall.

2. SAME—LIABILITY FOR NEGLIGENCE—VOLUNTEER—TRESPASSER.
   A person who without pay assists as a brakeman in making up a railroad train by the direction or with the express permission of a yard-master, who

has authority to employ necessary assistants in his department, is not a trespasser on the train, but a servant of the company, and it will be liable to him for an injury resulting from the use of a defective brake.

3. EQUITY—MASTER'S REPORT—FINDING OF FACT.

When a claim preferred by intervening petition against receivers appointed in an equitable proceeding is referred to a master for hearing, and is of such nature as would ordinarily be tried by a jury, the court will not, on exceptions to the master's report, set aside his finding on an issue of fact, unless the testimony returned produces a firm conviction in the mind of the court that the master's finding is erroneous, and that there is not sufficient testimony to sustain it.

On Exceptions to Master's Report.

*Eleneious Smith*, for Central Trust Co.

*Phillips & Stewart*, for Texas & St. L. Ry. Co.

*C. G. B. Drummond* and *James P. Dawson*, for intervenor.

THAYER, J., (*orally.*) We have examined the report of the master on the intervening petition of Edward Kennedy in the case of the Central Trust Company against the Texas & St. Louis Railway Company in Missouri and Arkansas, and we have also examined the exceptions taken to that report. From an examination of the master's report it appears that he has made the following findings of fact: That the intervenor, at the time he sustained the injury complained of, was lawfully on board of a train that was being operated by the receivers at Birds Point, Missouri, and was serving them in the capacity of a brakeman; that the brakes of the engine attached to the train upon which he was working were out of repair and in a defective condition,—the defect being of such a character that, as the train was backing into the depot yard, on a down grade, the engineer found it necessary to reverse the engine in order to arrest the backward motion of the train, (within the desired space;) that by reason of the reversal of the engine, when the slack of the train was taken up, a sudden shock or jerk was communicated to the rear car of the train on which the intervenor was standing, which precipitated him from the end of the car to the track, and led to the loss of one of his limbs. The master has further found that the defect in the brake of the engine had existed for a period of four to five months; that it was known to the foreman of the round-house, whose duty it was to repair the defect, but that the particular defect in the brake was not known to the intervenor, and he has accordingly recommended an allowance in favor of the intervenor in the sum of $3,500. The report contains several other findings of fact confirmatory of other charges of negligence made in the intervening petition, but it is unnecessary to allude to any other finding, as the findings I have just stated, if they are supported by the testimony, are sufficient to warrant the recommendation of the master.

The legal conclusion to be deduced from the findings of the master, as before stated, is that the receivers violated their duty to the intervenor in failing to supply machinery and appliances that were ordinarily safe and suitable for the work in hand, which neglect of duty was the proximate cause of the injury sustained. In other words, the findings of the master bring the case clearly within the rule that an employer is liable

to an employe for injuries sustained by reason of defects in machinery, tools, or appliances which render them unsafe for the particular uses to which they are applied, provided the defect is known to the employer, or might have been known by the exercise of ordinary care. *Hough* v. *Railway Co.*, 100 U. S. 213; *Railway Co.* v. *McDaniels*, 107 U. S. 454, 2 Sup. Ct. Rep. 932.

Turning, now, to the question whether the master's findings were warranted by the evidence, it may be remarked, in the first instance, that there is no reason whatever to doubt the accuracy of the master's finding that the brakes upon the engine were out of repair, and that they had been out of repair for some months, and that the fact was known to the foreman of the round-house, whose duty it was to repair the brake; nor is there any reason to question the accuracy of the master's finding that the intervenor was thrown from the train by a sudden shock communicated to the car on which he was standing, by suddenly stopping the motion of the train. There is a conflict of evidence upon the point whether on the occasion of the injury the engineer reversed his engine to stop the backward motion of the train, in consequence of the brake being defective, and whether such reversal caused a greater shock than would have been occasioned if the brake had been in order, and the train had been stopped in the usual manner by the use of the brake alone. In other words, there is a controversy as to whether the defect in the brake was the proximate cause of the injury. The master discusses the evidence on that point, and concludes that it is established by a preponderance of evidence that the engineer reversed the engine on the occasion of the accident. We have reviewed the evidence on that issue, and while we are not prepared to say with the master that there is a preponderance of evidence, yet we are clearly of the opinion that there is such a conflict in the testimony on that issue that the court would not be authorized to overrule the master's finding. In this connection it is proper to say that in this class of cases, which present issues that are ordinarily triable by a jury, we will not set aside the finding of a master on an issue of fact, unless the testimony on which the finding is based is of such character as to produce a firm conviction in our minds that the finding is erroneous. In the present case we have no such conviction after reading the testimony.

Objection is also made to that part of the master's report which finds that intervenor at the time of the injury was lawfully on the train, serving the receivers in the capacity of brakeman. The receivers' counsel contends, in effect, that intervenor was a trespasser on the train, and that the receivers owed him no duty. We have also examined the evidence on that point, and cannot agree with the receivers' counsel. The evidence shows, in our judgment, that the intervenor was either directed by the yard-master to assist him in the capacity of brakeman in making up the train in question, or that intervenor volunteered to render such assistance, and that the yard-master accepted his services, and gave him permission to so assist. Inasmuch as the yard-master was shown to have authority to employ necessary assistants in his department, it makes no

difference in our estimation whether intervenor was a mere volunteer serving with the express permission of the yard-master, or whether he was expressly ordered to assist in the work undertaken.    In either event he was not a trespasser on the train.    He stood in the relation of a servant of the receivers, and they owed him the same duty that they owed to any other employe.    Whart. Neg. § 201, and cases cited.

The result is that the exceptions to the master's report will be overruled, and the report will be confirmed.