# HARRY M. WALSTON

v.

# ELIZABETH SMITH ET AL.

MAY TERM, 1895. ·

*Trust. Conveyance by trustee. Husband and wife. Parol testimony. Evidence.*

1.  A concession that a grantee in a deed of real estate and personal property "took no beneficial interest in the property thereby"; that "after the delivery of the deed the beneficial use and occupancy of the farm and personal property remained in the grantor the same as before," establishes the fact that the grantee is merely a passive trustee for the grantor.

2.  A deed from such a trustee to one not a *bona fide* purchaser for a valuable consideration without notice conveys no greater estate than the trustee has.

3.  But if the original grantor be the husband and the subsequent conveyance from the trustee is to the wife, and the latter conveyance is with the consent of the husband, then the law presumes that he intended that she should take a beneficial interest in the property, although no valuable consideration moved from her to the trustee; and this presumption should be weighed in determining whether she holds as a trustee or otherwise.

4.  If the bill seeking to charge the wife as a trustee of such property for the benefit of the heir and creditors of the husband, alleges that the conveyance was made to her without the knowledge or assent of her husband, and she in her answer asserts that it was with his knowledge and assent, she is entitled upon a trial on the merits before a master, to have that allegation considered by the master as evidence in her favor.

5. *Held*, that the bill and answer did not put in issue whether the defendant was a purchaser for value, it being practically conceded that she was not, but did put in issue whether the the conveyance was with the consent of the husband.

6. The property in question was conveyed by the husband to one admitted to be a passive trustee, and by him to the wife. *Held*, that it might be shown by parol whether the wife also took as a trustee. ·

7. ·The acts and declarations of the defendant would be admissible to establish a trust in her.

Bill to declare a trust. Heard upon the pleadings, master's report and exceptions thereto, at the December term, Addison county, 1894. THOMPSON, chancellor, *pro forma*, overruled the exceptions and dismissed the bill with costs. The orators appeal.

*L. F. Wilbur* and *Stewart & Wilds* for the orators.

When there is no consideration for a conveyance and the grantee takes no beneficial interest in the same, a trust results. 2 Sto., Eq., ss. 1197, 1198, 1201 ; 1 Perry, Trusts, s. 150 and cases cited.

The trust character of the transaction and property can be shown by parol and by the declaration of the trustee. 1 Perry, Trusts, ss. 76, 77, 147, 226 ; *Pinney* v. *Fellows*, 15 Vt. 525 ; *Clark* v. *Clark*, 43 Vt. 685 ; *Willard* v. *Willard*, 56 Pa. 119 ; Dallinger's App., 71 Pa. 425 ; *Jenkins* v. *Eldridge*, 3 Story 183 ; *Boyd* v. *McLean and wife*, 1 Johns. Ch. 582.

Since her grantor held the property as trustee, the defendant took by her conveyance from him no other or different estate. *Zuver* v. *Lyons*, 40 Iowa 510 ; 1 Perry, Trusts, ss. 211, 217 ; *Stewart* v. *Chadwick*, 8 Iowa 464 ; *McLaren* v. *Brewer*, 51 Me. 405 ; *Oliver* v. *Pratt*, 3 How. (U. S.) 401 ; *Hall* v. *Van Ness*, 49 Pa. 457 ; *Hall* v. *Doran*, 13 Iowa, 368 ; *Bailey* v. *Winn*, 12 S. W. 1045 (Mo.) ; *Walson* v. *Murry*, 16 S. W. 293 (Ark.).

What was said between the defendant and her husband after she obtained the conveyance, could not change the character of her title.    1 Perry, Trusts, ss. 133, 135, 152; *Lusby* v. *Sinclair*, 24 Mich. 380; *Rogers* v. *Murry*, 3 Paige 390; *Barnard* v. *Jewett*, 97 Mass. 87.

In case of the conveyance of property from the husband to the wife without consideration, while the presumption is that a gift was intended, that presumption may be rebutted. *Wallace* v. *Bowen*, 28 Vt. 639; 2 Story, Eq., s. 1202; 1 Perry, Trusts, ss. 145, 147, 148, 151, 171; *Stevens* v. *Stevens*, 70 Me. 92; *Lane* v. *Lane*, 80 Me. 578; *Clark* v. *Clark*, 43 Vt. 685; *Peer* v. *Peer*, 3 Stoct. 432.

*Roberts & Roberts* and *Elihu B. Taft* for the defendants.

The trust sought to be established is a complicated one and ought not to be declared except upon satisfactory written testimony.    *Pinnock* v. *Clough*, 16 Vt. 500; *Bottsford* v. *Burr*, 2 Johns. Ch. 405; *Williams* v. *Wager*, 64 Vt. 326.

Where the conveyance is to the wife, although no valuable consideration is paid, a trust does not arise by implication of law, for the law presumes that a gift was intended. *Bent v. Bent*, 44 Vt. 555; Sto., Eq., s. 1201 *et seq*; *Edgerly* v. *Edgerly*, 112 Mass. 175.

One may give away his property, unless it is done in fraud of his creditors.    Perry, Trusts, ss. 161-165; *Salisbury* v. *Clarke*, 61 Vt. 453; *Dean* v. *Dean*, 6 Conn. 285; *Williams* v. *Wager*, 64 Vt. 326; *Philbrook* v. *Delano*, 29 Me. 410.

ROSS, C. J.    This is a bill in chancery, brought to have a trust declared in regard to a farm and some personal property, formerly belonging to the intestate, Alfred Smith, by his heirs; the legal title to which is in the defendant, Elizabeth Smith, the widow of the intestate.    August 24, 1889, the intestate conveyed the farm and property, by a warranty deed, containing the usual covenants and habendum, in the

absence, and without the knowledge of his wife, to a neighbor, S. R. Norton. The consideration expressed in the deed is thirty-five hundred dollars, but the master has found :

"There was no good and valuable consideration for the deed, and it was conceded by both parties, before me, that * * Norton took no beneficial interest in the property thereby, and I so find. After the delivery of the deed the beneficial use and occupancy of the farm and personal property remained in Alfred Smith, the same as before."

How this concession came to be made by the defendants, the master has not informed us. It may have been because, as the solicitor of the orators claims, the defendants knew that the orators had abundant and competent proof to establish the facts conceded. The facts conceded establish that the grantee, named in the deed, took the legal title of the property and nothing beyond ; that he held the title not for his own use and benefit, but wholly for the use and benefit of the grantor, the intestate ; or, that he held the title to the property as a passive trustee for the intestate. It was not intended that Norton should take the management nor possession and control of the property conveyed. Norton holding the title to the property in trust, (except to a *bona fide* purchaser for a valuable consideration, without notice) could convey no greater nor better right to the property than he had. 2 Story's Eq. Jur., s. 1258. It is there said :

"The general proposition, which is maintained both at law and in equity upon this subject is, that if any property in its original state and form is conveyed with a trust in favor of the principal, no change of that state or form can divest it of such trust or give the agent or trustee conveying it, or those who represent him in right (not being *bona fide* purchasers for a valuable consideration without notice) any more valid claim in respect to it, than they respectively had before the change. An abuse of a trust can confer no rights on the party abusing it, or in those who claim in privity with him. 3 M. & Sel. 574, 576 ; 1 Peters R. 448 ; 3 Howard S. C. R. 333.

"This principle is fully recognized at law in all cases

where it is susceptible of being brought out as a ground of action, or defence, in a suit at law. In courts of equity it is adopted with a universality of application."

September 3, 1889, the trustee, Norton, conveyed the same property conveyed to him by the intestate, to the defendant, Elizabeth Smith. This conveyance was made at the request of Elizabeth Smith—by a warranty deed, with the usual covenants and habendum, for an expressed consideration of thirty-five hundred dollars. In her answer Elizabeth Smith does not claim that she was ignorant of the fact that Norton held the property in trust. The bill charges that Norton did hold it in trust for the intestate, and her answer does not deny it, and therefore concedes that Norton held the property in trust for the intestate, as found by the master. The bill charges that no consideration was paid by Norton to the intestate, and none paid by Elizabeth Smith to Norton. Her answer admits :

" That at the time    *    *    these conveyances were made, no moneys, or other valuable considerations were advanced or paid to said Alfred, or to    *    *    *    Norton, as a consideration for such conveyance, except that she did, at the time of the conveyance by said Norton pay to him of the debt of said Alfred due to him the sum of one hundred and eighty two dollars and forty-seven cents."

This allegation falls short of a direct averment that this sum was paid by her to Norton as part consideration for his conveyance to her. The master finds that it was not a part of such consideration. Hence the defendant, Elizabeth, does not stand as a *bona fide purchaser*, for a valuable consideration without notice. The master further reports :    " There was no evidence tending to show whether said Alfred did or did not, at the making of the deed, assent to the conveyance from said Norton to said Elizabeth, unless the bill in this cause contains such evidence." In regard to which he makes no finding. The defendant, Elizabeth, not being a *bona fide* purchaser, for a valuable

consideration, without notice, unless the assent of the intestate to the conveyance from Norton to her is shown, would take by the conveyance no greater rights than Norton had; that is, the rights of a passive trustee of the title of the property, the beneficial use of which remained in the intestate. The solicitor for the defendant, Elizabeth, urges that the court of chancery should have sustained her exceptions, one, two and four, to the master's report, and have found that she paid the one hundred and eighty-two dollars and forty-seven cents to Norton as a part consideration for his deed to her, and that she did not concede that Norton held the property as a passive trustee of the title only. If the answer can be held fairly to raise the question whether she paid Norton the one hundred and eighty-two dollars and forty-seven cents as part consideration for his conveyance to her, the recital in the deed did not conclude the orators from showing that the entire consideration for that conveyance moved from the intestate. *Pinney* v. *Fellows*, 15 Vt. 525. There was evidence before the master on this subject. The concession of the parties, both as to its scope and effect, was before the master in the place of proper evidence, to show whether Norton took by the conveyance from the intestate anything beyond the title of the property as a passive trustee for the intestate. Where there is legitimate evidence fairly tending to establish a fact, before the master, his findings thereon will not be disturbed by the court of chancery; neither will they be reviewed or revised unless fraud or corruption is shown. *Waterman* v. *Buck*, 58 Vt. 519; *Howard* v. *Scott*, 50 Vt. 48; *Merrill* v. *Railroad Co.*, 54 Vt. 200; *Randall* v. *Randall*, 55 Vt. 214. Hence these exceptions were properly overruled and the findings of the master stand for consideration. In regard to whether the bill raises the question, whether the intestate assented to the conveyance by Norton to the defendant, Elizabeth, it charges, in substance, that his consent thereto—if

he was capable of giving consent—was procured by the undue influence of the defendant; and that he was incapable and incompetent to give such consent.    The answer denies these charges, and alleges that the conveyance was had upon his suggestion, upon his voluntary act, of his own free will, and sense of duty.    We think the bill fairly raises the question, whether the intestate consented and that the allegations in her answer, on this subject, are responsive, and evidence in her behalf.    The master has made no finding upon this evidence, and the defendant excepts to his report for this failure.    His finding whether the intestate consented to the conveyance from Norton to the defendant, Elizabeth, may be essential.    If he finds that the intestate did consent to this conveyance, it will raise a presumption, to be weighed by him, with the other testimony, bearing upon the character of that conveyance and the intention of the parties in respect thereto.    Elizabeth was then the wife of the intestate. Although the property conveyed was the property of the intestate, so that he furnished the consideration for the conveyance, it being made to his wife, by his direction and consent, if nothing further was shown, the law would presume that he made it by way of an advancement for future support, from love and affection.    This presumption could be rebutted by parol testimony, and considered with such testimony, the fact nevertheless could be established that she took the title as a passive trustee for the intestate, the same as Norton held it.    *Wallace* v. *Bowen*, 28 Vt. 685 ; *Bent* v. *Bent*, 44 Vt. 553 ; *Clark* v. *Clark*, 43 Vt. 685 ; *Bennett* v. *Camp*, 54 Vt. 36.    There was such parol testimony for consideration.    Much of it consisted of the acts and declarations of the defendant, Elizabeth.    The acts and declarations were properly received in evidence.    *Pinney* v. *Fellows, supra*. If the master should find that the intestate consented to the conveyance from Norton to his wife, then this presumption would come into the case to be considered by him in connec-

tion with the parol evidence bearing upon the intention of the parties to that conveyance. This exception must be sustained.

The defendants further contend that the trust found by the master is so complicated that it should not be established except by evidence in writing, that the danger from the establishment of such a trust by parol evidence is too great. We cannot yield to this contention. If there is a legal basis for such an objection, the trust found is not a complicated one. It is no more than that she held the title to the property as a passive trustee for the beneficial use of the intestate, the same as Norton had done. From such a trust, all, or nearly all, found by the master, would legally result. If she should first decease, the property would remain to the use of Alfred Smith, his creditors and heirs. If she should outlive him, it would still belong to his estate, to be used, and descend, mainly, if not fully, as particularized by the master.

*Decree reversed pro forma and remanded with a mandate to recommit the report to the master for further findings, as set forth in the mandate.*