NEW YORK AND NEW JERSEY WATER COMPANY

*v.*

NORTH ARLINGTON BOROUGH.

[Decided December 15th, 1909.]

1. A borough ordinance providing that any person desiring to dig up or open the public streets shall apply to the mayor in writing describing the place for which permit is desired, and the object of opening the street, and that the mayor shall have power to grant the permit whenever in his judgment it may seem proper, is valid under Borough law (*P. L. 1897 p. 285 § 28*) giving boroughs the power to prescribe the manner in which corporations or individuals shall exercise any privilege granted to them in the use of any street, or in digging up the same for any purpose.

2. An application addressed to the mayor and council of a borough for a permit to open streets is not a compliance with an ordinance requiring the application to be made to the mayor.

3. A water company is not entitled to an injunction against interference with its proceeding to open streets for the purpose of laying pipes where it has not applied to the mayor of the borough for a permit as required by a borough ordinance, though the mayor and council to whom the company did apply imposed unreasonable conditions on the granting of the permit.

On motion for preliminary injunction.

*Mr. Gilbert Collins,* for the motion.

*Mr. John M. Bell* and *Mr. Warren Dixon, contra.*

HOWELL, V. C.

The complainant, a water company, owns the right of way for a pipe line which it is constructing to augment the water-supply of the city of Bayonne, which runs from the Passaic river in an easterly and westerly direction across the borough of North Arlington. It crosses three streets, River road, Kearny avenue and Schuyler avenue. The company is now engaged in constructing a pipe line in this right of way, and in order to finish its work it is necessary to cross the three streets named. This crossing cannot be effected without digging up and opening the surface of the street to make the trench in which the water pipe shall eventually be laid. The company on November 1st last, for the purpose of obtaining a permit to open those three streets and lay their pipe therein, addressed a communication to the "Mayor and council of the borough of North Arlington," in which it informed the mayor and council that it was engaged in laying a thirty-inch pipe line from Belleville to Kearny, and thence to the city of Bayonne, which would necessarily cross the three streets named, and that it would be necessary for the company to open and excavate across each of the said streets; that it claimed to own the property to the centers of the streets and that it was lawfully entitled to lay its pipes across and under the same, subject only to proper supervision and regulation from the mayor and council as to the method of doing the work in order to avoid accident and any unnecessary interruption of traffic. The communication closes with the following:

"Application is therefore hereby made to your honorable body to issue a permit for the opening of such streets and the laying of the said pipe under and across the same under such proper regulation and provision by your engineer as you may fix. We request that you take action on this matter promptly, and remain,

On November 3d last, this communication was presented to the common council of the borough, and the permission sought was refused except under such hard conditions that the company felt that it could not comply with them. The borough then assumed the attitude of opposing the construction of the pipe

line across the said streets, and thereupon the water company filed its bill of complaint to restrain the borough from interfering with the laying of its water pipe across said highways, the complainant offering to submit to any regulation for the doing of the work which this court might prescribe. The bill alleges that there is no general ordinance on the subject of opening highways in the borough of North Arlington, but it appeared on the argument that there was an ordinance which took effect on July 2d, 1900, and is still in force, by which it was provided that if any person desired to dig up or open the public streets of the borough he should apply to the mayor in writing, describing the place, avenue, street or highway for which permit is desired, and the object of opening the same, and that the mayor should have power to grant the permit for such purpose whenever in his judgment it might seem proper. The ordinance contains other provisions for the protection of the borough and its highways, and provides punishment by fine or imprisonment for such persons as may violate its commands.

This ordinance seems to be within the provisions of the twenty-eighth section of the Borough law (*P. L. 1897 p. 285*). That section gives to boroughs the power

"to prescribe the manner in which corporations or individuals shall exercise any privilege granted to them in the use of any street, road or highway, or in digging up the same for any purpose whatever."

For the purposes of this motion it will be considered to be a valid ordinance, and within that class of ordinances which passed under review in the supreme court in *Cook* v. *North Bergen, 72 N. J. Law (43 Vr.) 119,* in which the ordinance in question, passed by the township of North Bergen, resembled in its general features the ordinance now under consideration.

Section 23 of the Borough act provides that the council of the borough shall consist of the mayor and councilmen, so that when the complainant addressed its application for leave to open the street "To the mayor and council of the borough of North Arlington," its communication must be held to have been addressed to the council. This is not a compliance with the ordi-

nance, which provides that the application shall be made to the mayor, to whom is confided the power to grant a permit * * * whenever in his judgment it may seem proper. Counsel for the complainant argues, however, that inasmuch as the application was addressed to the mayor and council it was within the terms of the ordinance, for the reason that the addition of the words "and council" was supererogatory, and that it was a proper application because the mayor is *ex-officio* a member of the council, and further because the mayor participated in the reception and refusal of the application, and that inasmuch as the refusal was based upon unreasonable conditions the refusal was a void act, and that the complainant therefore has a right to proceed to open the streets without anybody's permission. I think that the conditions which the mayor and council attempted to impose upon the complainant were unreasonable to the highest degree, and that the only conditions which may be imposed by anybody in granting an application under that ordinance are conditions which are necessary for the proper protection of the borough and its public highways, and these appear to me to have been fully covered by the provisions of the ordinance. I think, however, that the unreasonable nature of the conditions imposed will not relieve the complainant from making its application in accordance with the provisions of the ordinance. The application should be made to the mayor, and his refusal, if he should see fit to refuse, must be put upon grounds which are not unreasonable in their character, but which are necessary for the proper protection of the borough and its highways.

The result is that the injunction must be denied.