## WILLIAM H. LOW ESTATE CO. *vs.* LEDERER REALTY CO.

### JULY 5, 1916.

PRESENT:    Johnson, C. J. Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)    Report of Master.*

Where under the remanding order of the court, the Superior Court was directed to proceed by itself or through a master to determine the value of a building and improvements, on the termination of a lease and the master was directed to determine and state the sound value of such building and improvements, and it appeared that the findings of the master were made in accordance with directions set out in a previous decision of the court, the report is not objectionable because he failed to show the constituent items of reproduction cost, depreciation and sound value found by him, where the decree did not make it his duty to render such report.

*(2)    Findings of Fact.*

In the absence of special provision of law or of reference, a tribunal should return its findings upon the ultimate facts of a controversy, not upon each evidentiary fact.

*(3)    Master in Chancery.    Review of Report.*

In reviewing the report of a master, the question is as to the correctness of his determination in the light of the evidence and not as it may be judged by a consideration of the steps by which he reached his conclusion.

*(4)    Lease.    Landlord and Tenant.    Improvements.*

Where a lease provided that lessor should at the end of the term purchase the buildings and improvements which should be erected by lessee, his executors, administrators and assigns, upon the premises, lessee is entitled to be compensated for the value of improvements erected by under-tenants, not because under-tenants are assignees of the lease, but because such improvements became a part of the building and must be regarded as improvements erected by lessee and the fact that such improvements were made by the under-tenants at their own expense is immaterial.

*(5)    Report of Master.*

A report of a master is not objectionable because he refused to make special findings of fact, where the decree of reference did not make it his duty to do so.

*(6)    Stipulations.*

Where after consultation between counsel a stipulation was read into the record by counsel upon one side without objection by opposing counsel, and hearings were had upon the assumption by the master that it had been assented to and later the record was revised by counsel without objection as to the stipulation, a finding that the stipulation was assented to and bound the parties was proper.

(7)   *Master in Chancery. Findings of Fact.*

The determination of a master upon questions of fact has a strong presumption in its favor and should not be set aside unless it clearly appears that the master has erred.

Bill in Equity.  Heard on certification from Superior Court upon exceptions to report of master.  Exceptions overruled.

Sweetland, J.  This cause is before us upon certification by the Superior Court.  It is a suit in equity originally brought to set aside an award of appraisers made under a submission entered into upon the termination of a lease in accordance with the provisions of a certain covenant contained therein.  In said lease the predecessors in title of the respondent are lessors and the predecessor in title of the complainant is lessee. - The cause has previously been before this court.  At that time after setting aside the award of appraisers and holding that "the parties will not be required to proceed to a new appraisal under the lease, but the court may substitute itself for the appraisers" we entered the following order:  "It is ordered that the cause be remanded to the Superior Court with direction to proceed by itself or with the assistance of a Master to determine the value of the building and improvements upon said leased premises on July 15, 1907, and by proper decree or decrees to provide for the payment by the said respondent to the said complainant of said value with interest at the rate of six per cent. per annum, from July 15, 1907, to the time of payment, and to make such further orders and decrees in the cause as to said Superior Court shall seem meet."  *Low Estate Co.* v. *Lederer Realty Corp.,* 35 R. I. 352.  Thereafter the Superior Court entered its decree referring the cause to William B. Greenough, Esq., as master in chancery "to determine and state to the court the sound value on July 15, 1907, of the buildings and improvements then upon the premises described in said lease."  The master filed his report in which he found that "the sound

value of the buildings and improvements on the premises described in the lease in this case on July 15, 1907, is seventy-six thousand, seven hundred thirty seven dollars and eighty four cents." Thereafter the respondent filed its exceptions to said report and the complainant moved to confirm the same. The case was then certified by the Superior Court to this court for final determination.

A number of the respondent's exceptions relate to what it claims is the failure of the master to show in his report the constituent items found by him and the methods or principles used by him in ascertaining reproduction cost, depreciation and sound value of said buildings and improvements. These exceptions are without merit. Under the remanding order of this court the Superior Court was directed to proceed by itself or with the assistance of a master to (1) determine the value of said building and improvements. By the terms of the decree of reference the master was directed to determine and state the sound value of said building and improvements. The methods and principles to be used in ascertaining the sound value of said building and improvements were prescribed by this court in its former opinion. *Low Estate Co.* v. *Lederer,* 35 R. I. 352. We held that the word "value" as employed in said lease meant "sound value," *i. e.,* the actual value of said buildings and improvements in the condition in which they stood upon the land at the termination of the lease. We said: "This would be the cost of their reproduction at that time as new construction less a proper deduction for depreciation." It appears from the report that the finding of the master was made in accordance with the directions set out in our decision. He says in the report: "In ascertaining the reproduction cost, the proper deduction for depreciation, and the sound value of the buildings and improvements on the premises described in this lease, I have followed the principles set forth in the opinion of the Supreme Court in this cause. In accordance therewith, I have first ascertained from the testimony and exhibits the actual cost of reproduction on

July 15, 1907, as new material, of the buildings and improvements then on the premises described in said lease."  .  .  .
"I next found the proper deduction for depreciation.  In doing so, I noted that the opinion of the Supreme Court defines three kinds of value.  It is clear from this opinion that the proper allowance for depreciation in a given case depends upon the kind of value which it is sought to ascertain.  As I had been directed to find sound value, I did not seek to ascertain the depreciation in market value or the depreciation in 'profitableness for some particular purpose.' Instead, I sought to ascertain the difference between the physical value of the building and improvements as new construction, and as they actually existed on July 15, 1917. It is evident from the testimony that the building and improvements were less valuable on July 15, 1907, than new construction by reason of deterioration due to decay, age, use and wear and tear.  The amount which I determined to be the proper allowance for depreciation was the result of a careful consideration and weighing of the voluminous testimony and exhibits, a careful perusal of all briefs, and a visit to the building.  After determining the cost of reproduction and the proper allowance for depreciation, I deducted the latter from the former to find sound value."

With regard to the objection that the master failed to show in his report the constituent items of reproduction cost, depreciation and sound value found by him, the master says:  "I have considered with great care all of the testimony and exhibits in the case and my report is based thereon.  To classify and identify the constituent items of reproduction cost and depreciation with the explanations necessary to make clear what each item included would be a difficult task and would necessitate and involve a complicated report. Not until after the testimony had been closed and briefs filed was the master requested to make such findings.  .  .  . I find nothing in the opinion of the Supreme Court or in its remanding order or in the decree of reference which shows that such a report was contemplated, nor do I find any

provision in the statutes or rules of this court which makes such requirement. Furthermore, an examination of the authorities convinces me that, except in the case of accounts (where the order to state the account pre-supposes detailed items) such a report in the absence of general or special rules of court is not required and is not customary. As stated above, I am of the opinion that, if such a report could be prepared, it would of necessity lead to confusion and misunderstanding because of the intricacy and conflicting character of the testimony and exhibits."

We think the position taken by the master is correct. It is a sufficient answer to this objection of the respondent that the decree of reference did not make it the master's duty to render such report. The rule which should govern every tribunal, required to make findings of fact, is that, in the absence of special provision of law or of reference, such tribunal should return its findings upon the ultimate facts of a controversy not upon each evidentiary fact. This court has held that the special findings of fact which under our statute may be required of a jury are only findings as to the issuable facts involved in the case. In accordance with the provisions of the statute, Section 17, Chap. 289, Gen. Laws, 1909, the master has reported the evidence and his rulings thereon; and this court has before it a complete record of the proceedings before the master. With the aid of counsel we are in a position to try the conclusions of the master by reference to the evidence which was before him. The question which is presented to us is as to the correctness of the master's final determination viewed in the light of the evidence not as it may be judged by a consideration of his mental processes or the steps by which he reached his conclusion.

Certain of the respondent's exceptions are based upon its claim that the master's finding as to sound value erroneously included the sound value of improvements placed upon the demised premises by the subtenants of the complainant and its predecessors in title. These exceptions are entirely

without legal foundation.   Said covenant in the lease provides that the lessor "his heirs or assigns shall at the end of said term as aforesaid, whether at the expiration of twenty or thirty years, purchase the buildings and improvements which shall be erected by said Low (the lessee) his executors, administrators and assigns upon said premises."   The respondent at length and by the citation of numerous authorities urges that the subtenants of the complainant and its predecessors should not be regarded as the "assigns" of the lessee.   In this the respondent is right.   Such subtenants are not the assigns of the lessee; they are simply under-tenants of the lessee or his assigns.   The right of the complainant to be paid for the improvements "erected" on said premises by these under-tenants does not arise because the under-tenants are assignees of the lessee, but because the repairs, additions or improvements made to the building by the under-tenants became a part of the building, belonged to the lessee or his assigns during the term of the lease, and must be regarded as improvements "erected" by the lessee or his assigns.   The value of such improvements made by the subtenants was part of the loss which the complainant suffered at the termination of the lease.   For that loss, as we have said in our former opinion, in accordance with the scheme of the lease the complainant should be indemnified.   It may be urged that because such improvements were to be made by the subtenants at their own expense, that circumstance was undoubtedly taken into consideration in fixing the amount of rent which the subtenants were to pay.   In our opinion, whether or not that was so, the rights of the complainant would be unaffected thereby.   Said additions were made by the permission of the lessee or his assigns upon a building which belonged to the lessee or his assigns during the term, and for the value of which building the complainant was to be paid at the end of the term. In contemplation of law said improvements were placed and "erected" on said premises by the lessee or his assigns. We find no merit in the contention of the respondent *Wheeler* v. *Hill*, 16 Me. 329; *Tuttle* v. *Leiter*, 82 Fed. 947.

(4)

The respondent further excepts to the master's report because in finding sound value the deduction which he made from reproduction cost was for physical deterioration. The method of the master in that regard was in accordance with the former opinion of this court. We explicitly said that the value to be found in accordance with the covenant in the lease was not to be based upon the usefulness of the building to this respondent; but was to be the sound value to be determined by first finding the cost of reproduction as new construction and then making a proper deduction for depreciation, which means physical deterioration. This method the master followed and the deduction which he made was for "deterioration due to decay, age, use and wear and tear."

The respondent excepted to the report because the master refused to make special findings of fact as requested by the respondent. What we have previously said with reference to the first group of exceptions considered in this opinion applies to this exception. Many of the requests were for findings upon immaterial matters and some of the requests did not call for findings of fact, but for a statement of the fact that certain testimony had been introduced before the master. All of the requests are in regard to matters which appear in the transcript before us; and the respondent has had full opportunity to call them to our attention in support of its claim that they affect the correctness of the master's conclusion. There is no merit in this exception.

The respondent excepted to the finding of the master that a certain alleged stipulation read by counsel for the complainant at one of the hearings was assented to by counsel for the respondent. The master based his finding upon the following facts which he sets forth in his report: "At the hearing before the master on September 2, 1913, the complainant being represented by Eugene A. Kingman, Esquire, and the respondent by Oscar Lapham, Esquire, and George H. Huddy, Jr., Esquire, as appears by the record, after long consultation by counsel in the presence of the master,

(6) the stipulation was read into the record by counsel for the complainant without objection by counsel for the respondent and immediately followed by the introduction of testimony. Although no formal assent appears upon the record, the master understood the stipulation was assented to and the hearings thereafter were conducted upon that understanding. Counsel for the respondent throughout the hearings have been prompt in interposing objections and asking to have exceptions noted, and it seems reasonable to assume that an objection would have been noted if the stipulation had not been assented to. No objection was noted to the stipulation. Furthermore, shortly after the hearing on September 2nd, when the record had been written out and copy had been furnished to counsel, the record was gone over by counsel and corrections and amendments were made thereto with the consent of the master.. The portion of the record containing the stipulation was so revised and at that hearing no objection was made to the stipulation and no claim was made that it was not assented to. The master finds that, in the absence of any objection at the time of placing the stipulation upon the record and at the time of revising the record, the respondent must be held to have assented to the same." In these circumstances the finding that the respondent assented to said stipulation, and was bound by it, is proper.

(7) The respondent has excepted on the ground that the master erred in certain rulings upon the admission and exclusion of evidence. The respondent now insists upon his objections to only a portion of these rulings. The complainant contends that said rulings are not before us on the ground that they are not properly the subject of exceptions to a master's report. Without passing upon that contention of the complainant we have considered such of said objections as the respondent now insists upon. All but three of these are ruled by our conclusions already stated in this opinion. The objections to the remaining rulings are referred to by the respondent as Specifications 11, 13 and 14. In each of

these three rulings objected to the master was plainly right and further the rulings in question appear to us to be harmless to the respondent.

The respondent excepted to the report on the ground that the master's findings as to reproduction cost, amount of depreciation and sound value are not supported by the evidence. We have given this exception extended consideration. Eighty-three separate hearings were had before the master. The record of testimony given at these hearings comprises over thirty-three hundred pages. The testimony was principally that of expert witnesses who differed widely in their estimates upon the matters involved in the case. The master who saw and heard these witnesses was in a better position to judge of their fairness, good judgment and credibility than we are after a reading of the transcript. There was testimony given before the master which fully warranted his conclusion; and the determination of a master upon questions of fact has a strong presumption in its favor and should not be set aside unless it clearly appears that the master has erred. *Warner* v. *Hill,* 74 Atl. 973; *Dean* v. *Emerson,* 102 Mass. 480; *Howard* v. *Scott,* 50 Vt. 48; *Central Trust Co.* v. *Texas, &c., Ry. Co.,* 32 Fed. 448. After reading the transcript and giving to the master's findings the weight and persuasiveness to which they are entitled, we see no reason for disturbing his conclusion.

The petition for modification of the order by which this cause was formerly remanded to the Superior Court is denied.

All of the respondent's exceptions to the master's report are overruled and said report is confirmed. The parties may present a draft of final decree in accordance herewith on July 8, 1916.

*Eliot G. Parkhurst, Eugene A. Kingman, Edwards & Angell,* for complainant.

*Oscar Lapham, Mumford, Huddy & Emerson, George H. Huddy, Jr.,* for respondent.