R. W. BENNETT, ADMR. OF SEVILLA C. GREENSLIT *v.* WM. CAMP, ELIJAH GREENSLIT AND H. W. POTTER.

## [IN CHANCERY.]

*Cloud upon Title Removed. Lease and Assignment set Aside. Property of Wife to pay her Debts. Evidence. Trust. Tenant by the Curtesy.*

Certain premises were leased to the defendant G., husband of the orator's intestate, for one thousand years, for an annual rental, with the right to purchase the reversion for $200. After improvements had been made, G. by an assignment absolute on its face, but really to secure the payment of $300, transferred the lease to defendant C. The lease and transfer were duly recorded. The intestate paid the $200, and $300, out of her own property ; and the premises were conveyed to her by an heir of the lessor by warrantee deed. After this the husband and wife occupied a part of the premises ; she rented a part, collected the rent, &c., both treating the entire property as hers, and the leasehold as merged in the reversion. On paying she took the lease and kept it till her decease, and it was found among her papers. C., although he did not claim to have any interest in it, transferred the lease, without consideration, to the defendant P., who took possession of the premises. At the time of the last transfer the orator was about proceeding to sell the premises to pay the debts allowed by the commissioners against the intestate's estate, &c. *Held,*

1. That the orator is entitled to have the lease and the last transfer set aside and declared null and void, as an existing cloud upon the title.
2. The declarations of the husband, he being the real party defendant, to the effect that the entire estate belonged to the wife, are admissible; also, those of the wife herself, in her own favor, when accompanying some act in regard to the premises, and as explanatory and characterizing the act, and to show that she claimed to own the entire estate to the knowledge of the husband.
3. When a husband furnishes money to purchase real estate and takes the deed to his wife, no trust is presumed to result therefrom in his favor ; but, rather, that he intended to settle so much property upon her.
4. The appointment of an administrator ; and the allowance of claims against an estate, are questions for the Probate Court ; and its determinations thereon, unappealed from, are binding upon the Court of Chancery and the Supreme Court.
5. The right to occupy as tenant by the curtesy is subject to be defeated by the necessity of a sale of the real estate to pay the wife's debts.
6. R. L. s. 2229, curtesy ; ss. 2166, 2168, selling real estate to pay debts of the estate— construed.

HEARD at the December Term, 1881. VEAZEY, Chancellor, *pro forma,* sustained the motion of the defendants to strike out

Bennett v. Camp.

certain portions of the orator's testimony ; and dismissed the bill. The case appears in the opinion.

T. *Sibley* and *James B. Meacham*, for the orator, cited 50 Vt. 1; 35 Vt. 208; 47 Vt. 368; 17 Vt. 455; 45 Vt. 137.

*H. A. Harmon*, for the defendants.

Declarations of a party in possession of land are competent as against those claiming the land under him, but only to show the character of his possession and by what title he holds, but not to sustain or to destroy record title. *Jackson* v. *McVey*, 15 Johns. 234; *Jackson* v. *Miller*, 6 Cow. 751; *Pitt* v. *Wilder*, 1 N. Y. 525; *Gibney* v. *Marchay*, 34 N. Y. 301; *Dodge* v. *Freedman's Bank*, 93 U. S. (383).

If this case were so strong as that of one who had advanced money upon the faith of a represented ownership, the plaintiff should aver and prove that the conveyance he wishes to set aside was not known to him at the time of the purchase ; that the defendant withheld or concealed from him the knowledge of the same ; and he should set forth facts showing how it was the duty of the defendant to disclose the true state of the title ; and the plaintiff should deny all notice, actual or constructive, of the prior claim in the most decided manner, and should aver and prove his own innocence fully and explicitly. *Arnott* v. *Biscoe*, 1 Vesey, 95; *Bodman* v. *I. Bundy*, 1 Vern. 179; *Frost* v. *Beekman*, 1 Johns. Ch. 302; *Denning* v. *Smith*, 3 Johns. Ch. 345; *Brinkerhoff* v. *Lansing*, 4 Johns. Ch. 65.

The opinion of the court was delivered by

Ross, J. From the evidence and concessions, it appears, that in May, 1849, Jonathan Pratt, the then owner of the premises in controversy, leased them for one thousand years to the defendant, Elijah Greenslit, at an annual rental of $12, covenanting in the lease to convey the reversion for $200 ; that in 1852, after moving a house upon the premises and fitting it up, Elijah Greenslit, by an assignment absolute on its face, but really to secure the payment of $300, transferred the lease to the defendant, William

Camp, his son-in-law ; that the lease and transfer were duly recorded ; that May 23d, 1865, W. H. Pratt, one of the heirs of Jonathan Pratt, was paid the sum of $200, by the intestate Sevilla C. Greenslit, and conveyed the premises to her by a warrantee deed, which purported to convey the entire title to the premises ; that a year or two previous to this last conveyance the intestate had paid the last of the $300 to secure the payment of which William Camp held a transfer of the lease, and she then took the lease into her possession and kept it till her decease, in October, 1874. It was understood when W. H. Pratt conveyed to her that she had paid up William Camp, and held the lease. Ever after receiving the deed from Pratt, the intestate claimed to own the premises in her own right, and her husband Elijah acquiesced therein, and when he said anything about them acknowledged her title to them. Soon after the lease of 1849, Elijah Greenslit with Sevilla C., his wife, went into the occupancy of the premises, they occupying a part of the house and renting a part most of the time, until her decease. After she received the deed from W. H. Pratt she did the renting, collected and had the rents ; bought another building and caused it to be moved upon a part of the premises, and sold off that part of the premises with the building ; and exercised such acts as an absolute owner would exercise until her decease in 1874. After her decease the orator was appointed administrator on her estate, and claims to the amount of over three hundred dollars were allowed against it ; and the orator was about proceeding to sell the premises to pay the debts and expenses of administration, and close the administration, when the old lease was found among her papers ; and William Camp, to whom it had been transferred, although he did not claim then to have any interest in the lease, was prevailed upon to transfer it to the defendant, Henry J. Potter, who took possession of the premises under the lease, and has since held possession thereof. Potter did not pay anything for the transfer, and only holds the premises in trust for the benefit of Elijah Greenslit. It is to set aside this last conveyance to Potter, and to have the lease declared null and void as against the title of the intestate that the bill is brought. The intestate was a saving, thrifty person, who, with

the consent and acquiescence of her husband, by her labor, trading, and other ways, acquired property, which he allowed her to keep, use and treat as her separate property. With this property she paid, in part, or in whole, for the reversion in the premises, and to discharge the lease from its pledge and transfer to William Camp. Elijah Greenslit, her husband, was not particularly thrifty, and worked, most of the time, for a company whose business took him away from home considerably. After she received her deed from W. H. Pratt no rent was ever paid to her, nor were the two estates in the premises, the leasehold and the reversion, attempted to be kept up, between her and her husband; but she claimed to have and was treated by him as having the entire estate. These are the principal facts which are established by the evidence, which we think is admissible. We do not think that the defendants are entitled to have suppressed, or expunged, all the testimony included in their motion. The declarations of the intestate in her own favor, are inadmissible except when accompanying some act in regard to the premises, and as explanatory and characterizing the act, and except also to show that she claimed to own the entire estate in the premises to the knowledge of the husband. The declarations of the husband, he being the real party defendant, to the effect that the entire estate belonged to the intestate were admissible to show how he regarded the leasehold estate after the lease came into her possession. There is a provision in the lease, by which, if the rent should remain unpaid for thirty days after it became due, the lease became forfeited to the lessor, his heirs, or assigns. By the deed from W. H. Pratt, the intestate became possessed of the reversion in the premises, and the rent became due to her from year to year, and should have been paid when due, if the lessee, or those who held the estate for him, would preserve it. No doubt it would have been competent for her to have waived the payment of the rent, and the forfeiture of the leasehold estate arising from such non-payment. Hence it became important, and permissible, to show how she and her husband treated the lease during the nine or ten years she was the real lessor, and he, the lessee; whether they treated it as an existing estate, or as forfeited and merged in the reversion, of which

she was the owner. We think the evidence clearly shows that they both, during all the time she held the title to the reversion, treated the leasehold estate as merged in it, and the lease itself as not existing. Her title to the reversion by force of the W. H. Pratt deed is not attempted to be impugned, nor could it well be, though it were shown, as it is not, that he furnished the money in whole or in part with which to purchase the reversion. When a husband furnishes money to purchase real estate and takes the deed to his wife, no trust is presumed to result therefrom in his favor. From such a transaction the law presumes that the husband intended to settle in advance so much of his property on his wife, rather than that she is to hold the title in trust for him. No trust arises in his favor from such a transaction unless it is clearly shown that such was the intention and purpose of the parties. *Bent* v. *Bent*, 44 Vt. 555. '

The defendant Potter, having paid nothing for the transfer of the lease to him by Camp, and holding it for the benefit of Elijah Greenslit, is in no sense a *bona fide* purchaser thereof. If a *bona fide* purchaser, in other respects he would be charged with a knowledge of the contents of the lease, and that a forfeiture of the estate would result from the non-payment of the rent. Hence we think on the facts the orator is entitled to have the transfer from Camp to Potter, and the lease itself declared null and void as an existing cloud upon the title of the intestate to the premises. It is contended, however, that the orator has no standing in court, because improperly appointed administrator, it being claimed that he was not a creditor of the estate, and that the other claims against the estate were improperly allowed. These are questions properly and peculiarly within the jurisdiction of the Probate Court, and its determinations thereon unappealed from are binding upon the Court of Chancery and upon this court. The intestate and her husband being " seised, in her right of the premises in fee simple, and having had issue born alive, who might inherit the same," and she having died, he is entitled to hold the estate during his life as tenant by the curtesy, by force of s. 2229, R. L. But the right to occupy as tenant by the curtesy, like inheritance by an heir in real estate, is subject to be defeated to the whole or a

part of the estate, by the necessity of a sale of so much as may be required to pay the debts and expenses of administration, which cannot be discharged from the personal estate of the intestate. R. L. ss. 2166 to 2168. The decree of the Court of Chancery is reversed and the cause remanded with a mandate to enter a decree setting aside and declaring null and void the lease and the transfer thereof from William Camp to Henry J. Potter, with costs to the orator; that the orator may proceed to settle the estate of the intestate in the Probate Court according to law.