IN RE ADELPHIA BIDWOOD'S ESTATE.

November Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 14, 1912.

*Husband's Interest in Deceased Wife's Real Estate—Liability for Her Debts and Expenses of Administration.*

The one-third interest to which a husband is entitled, under P. S. 2934 in his deceased wife's estate whereof they were seised in her right in fee-simple, having been given in lieu of curtesy, can be sold under a license from the probate court for the payment of her debts and the expenses of administering her estate, just as curtesy could have been.

APPEAL from a judgment of the probate court granting the administrator of said estate a license to sell all the real estate owned by the intestate at her decease for the payment of her debts and the expenses of administration. Trial by court on an agreed statement of facts at the March Term, 1912, Washington County, *Waterman,* J., presiding. Judgment affirming the judgment of the probate court. The appellant excepted.

*E. A. Harvey* and *R. M. Harvey* for the appellant.

*Benjamin Gates* and *Fred L. Laird* for the estate.

ROWELL, C. J.    Appeal from probate. The only question is whether the one-third interest that the husband is entitled to by P. S. 2934 in his deceased wife's real estate whereof they are seised in her right in fee-simple at the time of her death, can be sold under a license from the probate court for the payment of her debts and the expenses of administration. It is clear that it can be. It is given in lieu of curtesy, as shown by the statute creating the right—No. 44, sec. 15, Acts of 1896—and curtesy was subject to be defeated by such a sale. *Bennett* v. *Camp,* 54

Vt. 36, and there is nothing in the statute to indicate that this interest stands any better in this respect than curtesy stood.

> *Affirmed.   Let a certificate go down.*