JOHN T. RAITHEL ET AL. *v.* WALLACE A. HALL.

January Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 7, 1924.

*Judgment—Motion in Arrest—Evidence—Cross-Examination of Expert Witnesses.*

1.  A motion in arrest of judgment, based on asserted defects in the complaint, raises only such questions as arise from the face of the record.

2.  On such a motion, the judgment cannot be arrested unless the complaint is so totally defective in substance as would have been fatal to it on general demurrer.

3.  In an action for fraud in the sale of a farm, defendant's motion in arrest of judgment, on the ground that certain allegations in the complaint were mere matters of opinion and could not form a basis of recovery, was without avail, when another portion of the complaint contained allegations sufficient to show a good cause of action.

4.  An expert witness as to the value of a farm, in order to give his opinion must have been shown to have some peculiar means of forming an intelligent correct judgment as to its value, beyond what is possessed by men in general, which knowledge may be derived from buying and selling, valuing and managing, real estate in the town or county where the particular

property is situated, or by reason of being acquainted with property in the neighborhood where it is situated, especially if accompanied by a knowledge of sales of similar property.

5.  In an action for fraud in the sale of a farm, when an expert witness for the defendant had testified to the value of the farm when sold, and on cross-examination had testified concerning the length of time he had been acquainted with the farm, to knowing that defendant had cut wood and timber off it, and that there was no substantial change in the value of the farm from the time of selling it to plaintiff, a question asked as to whether he knew that defendant paid a certain price for the farm, timber, and everything was proper cross-examination.

ACTION OF TORT for fraud and deceit in the sale of a farm. Plea, the general issue. Trial by jury at the April Term, 1923, Windham County, *Moulton*, J., presiding. Verdict and judgment for the plaintiffs. The defendant excepted. The opinion states the case. *Affirmed.*

*Orrin B. Hughes* and *Chase & Chase* for the defendant.

*Barber, Barber & Miller* for the plaintiffs.

As a general rule judgment can be arrested only for error apparent upon the face of the record itself. *Noyes, French & Fickett* v. *Parker,* 64 Vt. at p. 385, *Edmund Brothers* v. *Smith,* 95 Vt. 396; *Waite* v. *Starkey,* 68 Vt. 181.

On a motion in arrest for insufficiency of the declaration, only the declaration itself, and the subsequent pleadings that may help it out can be looked into. *Harding* v. *Cragie,* 8 Vt. 501; *Baker* v. *Sherman & Miller,* 73 Vt. 26.

The evidence may not be considered, for it is not a part of the record. *Edmund Brothers* v. *Smith, supra; Hubbard* v. *Rutland R. R. Co.,* 80 Vt. 462; *Montpelier & Wells River R. R. Co.* v. *Macchi,* 74 Vt. 403; *Trow* v. *Thomas,* 70 Vt. 580.

Neither testimony incorporated in the bill of exceptions, nor the specification, may be considered. *Baker* v. *Sherman & Miller, supra; Boville* v. *Dalton Paper Mills,* 86 Vt. 305.

On a motion in arrest every reasonable presumption should be made in favor of the sufficiency of the pleadings after verdict. *Lincoln* v. *Blanchard,* 17 Vt. 464; 23 Cyc. 835, d.

Judgment will not be arrested for any defect in the pleadings which would not have been fatal on general demurrer. 23 Cyc. 830, d; *Delaware Canal Co.* v. *Commonwealth,* 60 Pa. St. 367, 100 A. D. 570; *Noyes, French & Fickett* v. *Parker, supra; Whitton* v. *Goddard,* 36 Vt. 730; *Bartlett & Fortney* v. *Bonazzi,* 91 Vt. 196.

WATSON, C. J. This is an action of tort for fraud and deceit in the sale of a farm. Paragraph 2 of the complaint alleges that on the date named in the preceding paragraph defendant, for the purpose of inducing the plaintiff to purchase the farm in question, falsely, deceitfully, and fraudulently represented and stated to the plaintiff (a) that said farm had standing thereon 250,000 feet of lumber, not including the sugar orchard; (b) that said farm had thereon 2,000 cords of hard wood; and (d) that defendant represented a certain piece of meadow land adjoining said farm on the southeast as belonging to said farm, to wit, one acre.

The case being tried on the general issue, the jury returned a general verdict for plaintiffs to recover $2,210 damages; also a special verdict, that defendant made the misrepresentation claimed as to the ownership of the lot of meadow land, awarding ten dollars as damages in this respect, including it in the general verdict.

[1-3] Defendant moved in arrest of judgment for that the foregoing allegations under (a) and also those under (b) are each a statement of mere matter of opinion and cannot form a basis of recovery in this action for deceit; and also because they are each a statement depending upon estimate and judgment alone, and predicated upon data uncertain and conjectural, and so cannot form the basis of a recovery. To the overruling of the motion exception was saved. This motion is based on asserted defects in the complaint, and raises only such questions as arise from the face of the record. But the judgment cannot be arrested unless the complaint is so totally defective in substance as would have been fatal to it on general demurrer. Gould, Pl. 461, 462. No question is made, nor could there well be, but that the above allegations under (d) are sufficient to show a good cause of action. This being so, the complaint is not totally defective, nor is it bad as against a general demurrer. Since for

these reasons the motion in arrest is without avail, there is no occasion to consider further the questions presented under it.

[4]   Plaintiffs called the defendant to the stand and examined him as a witness, and having shown by him that he sold two thousand dollars worth of timber to one Barber and small lots to other parties after his purchase and before the sale to the plaintiff, asked whether he did not purchase the farm in 1912 for $3,200. This question was objected to and excluded. Later in the trial defendant improved one Huntley as a witness who, after being duly qualified as an expert, testified that the value of this farm at the time of the trade was from $3,300 to $3,400. On cross-examination this witness testified that he was well acquainted with the farm before defendant purchased it and ever since; that he had observed the way in which defendant carried it on; knew defendant had cut and sold timber and wood off from the farm; that the value of the farm at the time defendant purchased it was substantially the same as when he sold it to the plaintiff; that there had been no substantial change in its value during those twelve years. Plaintiff's attorney then asked the witness whether he knew that defendant paid $3,200 for the farm, timber and everything. The question was excluded on defendant's exception to the asking of it in the presence of the jury, because it was improper and had been once asked and excluded. The exception was allowed if defendant was entitled to it. But it does not necessarily follow from the fact that a similar question had been asked by plaintiffs' attorney in his direct examination of defendant as a witness and excluded, that the question asked defendant's expert witness in cross-examination was improper. In order to be competent to give his opinion as an expert, as to the value of the property in question, the witness must have been shown to have some peculiar means of forming an intelligent, correct judgment as to its value, beyond what is possessed by men in general. ''This knowledge may be derived from buying and selling, valuing and managing, real estate in the town or county where the particular property is situated or by reason of being acquainted with property in the neighborhood where it is situated, especially if accompanied by a knowledge of sales of similar property.'' *Geohegan* v. *Union Elevated R. R. Co.*, 266 Ill. 482, 107 N. E. 786, Ann. Cas. 1916B, 762.

[5]    The plaintiffs had a right to find out by cross-examining the witness as to the foundation of his opinion as to value, given in his direct examination; and when he testified to the length of time he had been acquainted with the farm, to knowing that defendant had cut wood and timber off from it, and that there was no substantial change in the value of the farm from the time defendant purchased it to the time of his selling it to plaintiff, the question asked him whether he knew that defendant paid $3,200 for the farm, timber, and everything, was in proper cross-examination; for if it be answered in the affirmative, it would show that the witness with knowledge of such fact tending to show value, gave it little or no consideration in forming his own judgment, as an expert; and if the answer be in the negative, it would show a lack of knowledge of one material fact which should be considered by him in forming his judgment as to the value of the property.   So let the answer be either way, unexplained, it would tend to lessen the weight of his testimony in that respect.   The exception to the asking of the question in the presence of the jury is therefore without merit.

*Judgment affirmed.*