ANNIE C. MURPHY, EXECUTRIX v. MARTIN McMAHON.

October Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*Necessity of Exception To Secure Review—Unstamped Note As Evidence — Executors and Administrators — Immaterial Finding—Effect of Settlement of Estate on Final Accounting of Executrix—Executrix as Proper Party in Suit on Unindorsed Note Payable to Testator—Jurisdiction of Cause —Maker of Note May Not Claim Misrepresentation Because Note Not Included in Inventory of Estate.*

1. Claimed error in denial of motion for continuance because of absence of party, *held* not before Supreme Court for review, where transcript showed no exception.

2. Note not having revenue stamp affixed thereto in accordance with War Revenue Act, October 3, 1917 (40 Stat. 300, 323), *held* not thereby rendered invalid or inadmissible as evidence.

3. Finding that all of testator's estate was decreed to widow as sole devisee and legatee, *held* immaterial in suit brought by her as executrix on unindorsed note payable to testator, not included in inventory of estate.

4. Settlement of estate on what purports to be final account of executrix is not necessarily termination of trust, but is limited to that portion of estate of which return is made.

5. Suit on unindorsed note payable to testator, *held* properly brought in name of executrix, whether note be treated as property of estate unadministered, or as passed to her as sole devisee and legatee by decree of probate court.

6. Action by executrix on unindorsed note payable to testator, *held* properly brought in county court rather than in probate court before commissioners, as latter, under G. L. 3288, are appointed for purpose of passing upon claims against estate, not on those in its favor.

7. Defendant, sued by executrix on promissory note payable to testator, cannot claim that because note was not included in inventory of estate, he has relied on representation to his damage.

ACTION OF CONTRACT by executrix on promissory note signed by defendant payable to plaintiff's testator. Plea, general issue. Trial by court at the September Term, 1925, Washington County, *Thompson,* J., presiding. Judgment for the plaintiff. The defendant excepted. *Affirmed.*

*Edward C. Dufficy* for the defendant.

*Theriault & Hunt* for the plaintiff.

MOULTON, Supr. J. This is an action upon a promissory note, dated September 14, 1920, signed by the defendant and payable to the order of the plaintiff's testator. It was unindorsed. Trial was had by the court and judgment rendered for the plaintiff. The case is here upon the defendant's exceptions.

[1] The defendant's counsel moved for a continuance because of the absence of his client, and claims that the denial of the motion was error. But the transcript shows that no exception was taken, and so there is nothing here for review.

[2] The note in suit was offered and received in evidence subject to exception by defendant. The ground of the evidence was stated to be that the law of the United States at the time of the execution of the note required revenue stamps to be affixed thereto, and provided that any instrument in writing upon which revenue stamps were required to be affixed should not be admitted in evidence unless this had been done; that the note was unstamped, and, therefore, inadmissible.

The statute relied upon (Sec. 6318 hhh, U. S. Comp. St. 1925 Supp.) provides that:

"Hereafter no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, or any copy thereof, shall be recorded or admitted, or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax shall have been affixed thereto, as prescribed by law."

This section was a part of the Act of June 13, 1898 (30 Stat. 448) entitled "An act to provide ways and means to meet war expenditures, and for other purposes," and its passage was the result of the war with Spain, then in progress. The sections

which enumerated the taxes imposed by the Act were repealed by the Act of April 12, 1902 (32 Stat. 96) although the section quoted above was not expressly repealed.

The War Revenue Act of October 3, 1917 (40 Stat. 300, 323) imposed taxes upon various written instruments, among them promissory notes, and provided for stamps to be affixed thereto, but contained no enactment making such instrument inadmissible in evidence, because of the absence of the required stamps. The note here in suit comes under the provisions of this Act; and, although unstamped, was not thereby rendered invalid or to be excluded as evidence. *Ockenfels et al.* v. *Boyd* (C. C. A.) 297 Fed. 614, 616; *Cole* v. *Ralph*, 252 U. S. 286, 293, 294, 64 L. ed. 567, 576, 40 Sup. Ct. 321. In the latter case, which arose under the Act of October 22, 1914 (38 Stat. 747), providing for the attachment of revenue stamps to deeds, the Court said that:

> "It is apparent that Congress in the later act departed from its prior practice of making such instruments invalid or inadmissible as evidence while remaining unstamped, and elected to rely upon other means of enforcing this stamp provision, such as the imposition of money penalties, fines and imprisonment."

There was no error in admitting the note in evidence.

The court below found the following facts: Robert E. Murphy, died, testate, February 14, 1922. The plaintiff executrix is his widow and sole devisee and legatee under his will. The note did not appear in the appraisers' inventory of the estate, nor in the account of the executrix. The plaintiff showed the note to one of the appraisers and did not know why it was not included in the inventory, and, at the time she signed the inventory, she did not notice the omission. On December 3, 1922, all of the estate of Robert E. Murphy was decreed to the plaintiff as sole devisee and legatee. The plaintiff did not learn that the note was not included in the inventory until after the final decree had passed.

[3-5] The defendant excepted to the finding that all of the estate of Robert E. Murphy was decreed to the plaintiff as sole devisee and legatee, on the ground that it was not supported by the evidence.

But it is not necessary to consider this question, because the finding itself is immaterial. The suit is brought by the plaintiff

as executrix.  If the note was property of the estate, as yet un-administered, the executrix was entitled to maintain the action. The final decree of the probate court did not relieve her of her responsibility with regard to it.  *Probate Court* v. *Merriam,* 8 Vt. 234, 237.  The settlement of the estate on what purported to be a final account is not necessarily a termination of her trust. It is limited to that portion of the estate of which return is made. *Davis* v. *Eastman,* 66 Vt. 651, 654, 655.  And if the note had passed by the decree, still, since it was unindorsed, the suit was properly brought in the name of the executrix, as representative of the estate of the deceased payee.

*Ewing* v. *Griswold,* 43 Vt. 400, cited by the defendant, is not inconsistent with the views herein expressed, because, while that case holds that an executor who is also the residuary legatee, can maintain suit in his own name as executor upon a promissory note due the testator, it not appearing that final settlement or an order of distribution had been made, it is not to be construed as holding that, under the circumstances of the instant case, such a suit may not be maintained after the settlement and final decree.

[6, 7]  In a motion for judgment on the facts found, the defendant contends that he had a right to rely on the records of the probate court, which disclose no claim against him by the estate, or the executrix.  He says that the proper place to pro-ceed on the note is in the probate court, before commissioners. But commissioners are appointed for the purpose of passing upon claims against the estate, not on those in its favor.  G. L. 3288.  The duty of collecting the latter is on the executrix.  And the defendant cannot claim that, because the note was not in-cluded in the inventory he has relied upon any representation to his damage.  The omission of the note from the inventory is of no importance in this connection.  *Boyden* v. *Admr. of Ward,* 38 Vt. 628, 636; *Heirs of Adams* v. *Adams et al.,* 22 Vt. 50, 63.

The other questions raised by the motion are sufficiently treated in what has heretofore been said concerning the right of the plaintiff to maintain this action as executrix.

*Judgment affirmed.*