JOHN T. RAITHEL ET UX. v. WALLACE A. HALL.

November Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed November 15, 1926.

*Scire Facias To Revive Judgment—Certified Execution.*

On writ of *scire facias* to revive judgment issued in action for deceit
in sale of farm, to extent of unpaid balance thereon, where court
at time of rendition of original judgment granted certified execu-
tion, adjudging that cause of action arose from wilful and mali-
cious act of defendant, and that he ought to be confined in close
jail, Supreme Court, under G. L. 2386, in absence of showing by
defendant to contrary, will revive judgment, including such ad-
judication, and authorize certificate thereof to be made in or upon
execution issued upon such judgment.

WRIT OF SCIRE FACIAS to Supreme Court, Windham County,
to revive judgment and execution to the extent of an unpaid
balance thereon. *Judgment for plaintiff.*

*Frank E. Barber* for the plaintiff.

No appearance for the defendant.

PER CURIAM.    This is a writ of *scire facias,* brought to this
Court to revive a judgment and execution to the extent of an un-
paid balance thereon.

The original action was one of deceit in the sale of a farm,
and resulted in verdict and judgment for the plaintiff.    At the
time of the rendition of the judgment, the trial court granted a
certified execution, adjudging that the cause of action arose
from the wilful and malicious act of the defendant, and that he
ought to be confined in close jail.    After hearing in this Court,
the judgment below was affirmed.    97 Vt. 469, 124 Atl. 586.

Subsequently certain proceedings in equity took place be-
tween the parties (see 99 Vt. 65, 130 Atl. 749), as a result of
which a decree was issued whereby a mortgage and notes, given

by the plaintiffs to the defendant in part payment for the farm, were cancelled, and the amount due thereon credited upon the judgment, which, to that extent, was satisfied.

No execution has been taken out upon the judgment, and the time has passed in which this can be done.

The statute (G. L. 2386) provides, that: ''When the writ is brought to revive a judgment rendered in an action founded in tort . . . . when the court, at the time of the rendition of such original judgment, adjudged that the cause of action arose from the wilful or malicious act or neglect of the defendant and that the defendant ought to be confined in close jail, unless the defendant, at the time of the hearing on the *scire facias,* shows cause to the contrary, the court shall revive such judgment, including such adjudication that the cause of action arose from the wilful and malicious act or neglect of the defendant and that he ought to be confined in close jail, and shall make a certificate thereof in or upon the execution issued on such judgment.''

The defendant has not appeared or filed an answer. He has not, therefore, shown cause to the contrary, and so judgment is rendered for the plaintiff for the unpaid balance on the former judgment with interest and costs on the *scire facias* and the adjudication that the cause of action arose from the wilful and malicious act or neglect of the defendant and that he ought to be confined in close jail is revived, and a certificate thereof shall be made in or upon the execution issued upon such judgment.

*Judgment for the plaintiff to recover $707.07, and costs herein. Certified execution granted.*