T. R. DUNN *v.* FRANK C. WILLIAMS ET AL.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*Frank C. Williams* for the defendants.

*Pierce & Miles* for the plaintiff.

MOULTON, J. Originally instituted as an action in ejectment, this cause was transferred to the court of chancery, and, after hearing, a decree was entered in favor of the plaintiff, and the defendants have appealed, and have also filed a bill of exceptions.

In brief, the chancellor found that T. R. Dunn, the plaintiff, and his wife, Sarah R. Dunn, one of the defendants, leased a farm from Mrs. Julia M. Brown, a woman of advanced years and feeble health, first paying a money rental, but later caring for the lessor and furnishing her with room and board in lieu thereof. After a while Mrs. Dunn informed her husband that Mrs. Brown would convey the farm to them in return for their

engagement to care for and support her during her life, pay her medical and funeral expenses, and erect a gravestone after her decease. This, upon consultation together, they concluded to do. Mrs. Dunn then informed her husband that Mrs. Brown would not convey to him, but that she would take the deed in her own name, and then would deed half to him or have the farm deeded to them both jointly, as he might later request. The deed of the premises was passed on October 26, 1918, to the sole and separate use of Mrs. Dunn, and subject to the further condition that a specified sum of money should be paid by her to a Mrs. Lizzie Hamilton upon Mrs. Brown's decease. At the time of giving the deed it was mutually understood between Mr. and Mrs. Dunn that the latter should take the conveyance of, and hold the title to the farm not as her sole and separate property but as their joint estate as husband and wife. It was their mutual understanding and intention that the conditions of the deed should be performed by them jointly. Mr. Dunn did not learn that the conveyance was to the sole and separate use of his wife until a time which we will later mention.

Mrs. Dunn nursed Mrs. Brown, and kept her apartment warm. Fuel was cut by Mr. Dunn and milk, vegetables, and provisions produced on the farm were furnished. Groceries were purchased in part by Mr. Dunn and in part by Mrs. Dunn with money which she had earned. Taxes and insurance were paid in the same way. After Mrs. Brown's death a gravestone was erected and the money paid to Mrs. Hamilton, out of funds earned by Mrs. Dunn. In fact, it appears that all the conditions of the conveyance were duly performed. While in occupation as lessee, Mr. Dunn made improvements in the property, for which Mrs. Brown gave him a promissory note, which she never paid. She was also indebted to Mrs. Dunn for extra services and nursing performed before the deed was given. After the transfer of title Mr. Dunn made improvements and additions to the house and farm buildings and erected a two-car garage, the necessary materials being paid for by him. Mrs. Dunn earned various sums of money by taking boarders, nursing, etc., which she deposited in her own name in a bank, with the consent of her husband, but there was no agreement or understanding that the money should be hers. It was used principally for family purposes, when needed. Mrs. Dunn

mortgaged the farm to obtain money to pay some debts of her husband.

Domestic trouble having developed, Mrs. Dunn notified her husband that he had no right or title in the farm, and ordered him to leave the premises. He then learned for the first time that the conveyance was to his wife as her sole and separate property. He refused to depart, and she deeded the farm to her attorney, the defendant Frank C. Williams, as trustee. The latter commenced the action of ejectment against Mr. Dunn.

The decree enjoins the defendant Williams from proceeding with the action, and directs him to reconvey the premises, which are to be held by Mr. and Mrs. Dunn as tenants by the entirety.

After the hearing, and before the decree, the chancellor submitted to counsel for both parties a draft of his proposed findings. The defendants thereupon, by leave obtained, filed a cross bill, alleging surprise at the findings, and praying that if they were to stand, Mr. Dunn should, as a condition to the reconveyance, account to Mrs. Dunn for the sum contributed by her to the purchase price of the farm. The decree makes no mention of the cross bill.

Of the eight exceptions relied upon by the defendants, all but one call in question the sufficiency of the evidence to warrant the findings. In briefing the first four, which relate to the understanding and agreement between Mr. and Mrs. Dunn, the defendants argue the weight of the evidence, not its tendency. It is admitted, in effect, that there was testimony tending to support the findings, but it is urged that, for one reason or another, the chancellor should have looked with suspicion upon the testimony of Mr. Dunn and his witnesses and should not have permitted it to prevail against that of Mrs. Dunn. Where a husband furnishes the consideration, or, as here, a part of it, for the purchase of real estate, and the deed is taken to the wife, there is a presumption that it was intended that the property should belong to the latter, but, his presumption may be rebutted by evidence which shows the existence of a resulting trust in favor of the husband. *Corey* v. *Morrill,* 71 Vt. 51, 55, 42 Atl. 976; *Walston* v. *Smith,* 67 Vt. 542, 32 Atl. 486; *Wallace* v. *Bowen,* 28 Vt. 638, 640; and see *Monahan* v. *Monahan,* 77 Vt. 133, 139, 59 Atl. 169, 70 L. R. A. 935. No trust arises from such a transaction unless it is clearly shown that such was the purpose and intention of the parties. *Bennett*

v. *Camp,* 54 Vt. 36, 40. So here, to entitle the plaintiff to the relief he seeks, he must fairly establish that at the time of the conveyance to his wife, it was mutually understood between them and was their then intention and purpose that she should take the conveyance of and hold the title to the premises not as her sole and separate estate but as the joint property of both. *Bent* v. *Bent,* 44 Vt. 555, 559. The defendant argues that more than a preponderance of evidence is required to establish this point and that the proof must be beyond a reasonable doubt. Whether, in fact, the proof is of such a nature is a question for this court to decide, for we will look into the evidence to see whether or not it is legally sufficient to sustain the findings to the requisite degree of certainty. *Fife and Child* v. *Cate,* 85 Vt. 418, 427, 82 Atl. 741; *Phillips* v. *Northfield Trust Co.,* 107 Vt. 243, 179 Atl. 154, 155. But we cannot say that the testimony, although conflicting, was insufficient to convince the chancellor by this measure of proof. The mutual understanding between the plaintiff and his wife and their common intention and purpose relating to the title to the farm have been found as facts, and we perceive no reason to disturb the conclusion reached. These exceptions are not sustained

The fifth exception challenges as unsupported by the evidence the finding that Mr. Dunn did not learn that the deed was to his wife's sole and separate use until a time approximately three years before the hearing, and the claim is made that he knew of it on the day of the conveyance. But the evidence of the plaintiff was to the effect that, although the deed was handed to him, he did not read it, but observed only that it was a warranty deed. This exception is not sustained.

The sixth exception is to the finding that the indebtedness of Mrs. Brown to Mrs. Dunn for extra care and nursing prior to the date of the deed was a part of the consideration for the conveyance. The objection is that this obligation and the undertaking of Mrs. Dunn as contained in the deed constituted the entire consideration. However, this claim does not impeach the finding as far as it goes. The question is not whether, as between Mrs. Brown and Mrs. Dunn, the consideration was given by the latter, but whether Mr. Dunn, in fact, furnished a part of it, upon his understanding with his wife relative to the title.

■ ■ The seventh exception attacks the finding that one of the reasons why Mr. Dunn allowed his wife to handle the money which she earned, in her own name, was because she was using it mostly for family purposes. The finding is that she used it for paying taxes, insurance, lease land rent, clothing for herself and children, and other expenses in the support of the family. The plaintiff testified in a rather vague manner concerning his knowledge of some of these expenditures, but said that she paid partly for the education of a daughter at a convent, and that she might have purchased a small amount of groceries. But the finding is immaterial, and need not be noticed. *Phillips* v. *Plastridge,* 107 Vt. 267, 179 Atl. 157, 158; *Murphy, Ex'x.* v. *McMahon,* 100 Vt. 86, 88, 135 Atl. 3; *McClary* v. *Hubbard,* 97 Vt. 222, 240, 122 Atl. 469. The reason for permitting Mrs. Dunn to control the money does not matter. Even though the funds were her own, and she used them as indicated, it would have no bearing upon the issue of the existence of an understanding between the husband and wife, concerning the title to the farm, and their agreement jointly to furnish the consideration.

■ The briefing of the exceptions to the findings on behalf of the plaintiff leaves much to be desired. All that is said is that ''there was ample evidence to sustain the findings of the chancellor and where this is so such findings are not disturbed on appeal,'' and that ''the findings are amply supported by the evidence.'' What this evidence is, we have been left to an examination of the transcript to discover, without assistance from the plaintiff's counsel, although Supreme Court rule 8, par. 5, requires that briefs shall contain specific reference to such parts of the evidence as may be deemed material, giving the page, number of interrogatory, and answer, and the name and mark by which any document used in evidence is designated. We have already, apparently without avail, called attention to this rule and the necessity of an adherence to it. *Bloomstand* v. *Stevens,* 104 Vt. 1, 5, 156 Atl. 414. In the forlorn hope that our admonition will be heeded, we do so again. If the purpose of the plaintiff's brief were to sustain the exceptions, we would refuse to consider the questions thus attempted to be raised. *Travelers Ins. Co.* v. *Evans,* 101 Vt. 250, 258, 143 Atl. 290; *Vermont Box Co.* v. *Hanks,* 92 Vt. 92, 101, 102 Atl. 91. But since the defendants are the moving parties,

and must in order to prevail cause error affirmatively to appear, we have inspected the record, although the rule is intended to, and does, cover the situation.

The eighth exception is to the failure to ''find facts sufficient to base a decree upon the prayer of the defendant's cross bill, and for failure to make an accounting between Mr. and Mrs. Dunn.'' The defendants argue that the transcript shows that between the years 1910 and 1929 Mrs. Dunn's earnings amounted to $6,367, most of which was deposited in a bank in her own name, with the consent of her husband, and paid out by her as she chose, including disbursements for lease land rent, taxes, and insurance for the farm. It is claimed that Mr. Dunn, as a condition to a decree in his favor concerning the title to the farm, should account to his wife for this amount. But whether the money was in fact her own property, through gift from, or waiver of marital rights by her husband, *Walston* v. *Allen,* 82 Vt. 549, 551, 74 Atl. 225, is immaterial. For such sums as she expended upon herself, she can hardly require an accounting. The brief does not indicate how much was used for the payment of taxes and other farm expenses, but since there is a finding, based upon the evidence, of an understanding and agreement that the title should be held as the joint property of husband and wife, the consideration for the conveyance being jointly furnished, the fact that the wife's contribution came from her separate estate would not entitle her to an accounting. In *Webster* v. *Hildreth,* 33 Vt. 457, 78 A. D. 632, cited by the defendants, the fact that a husband voluntarily contributed his labor and money to the improvement of his wife's farm, was held to vest in him no title or interest therein, in the absence of an agreement to that effect. Here, of course, we have such an agreement, which, as the chancellor finds, has been performed.

The decree, however, is defective, in that the cross bill has not been dismissed, and the cause must be remanded for this purpose. *Lamoille County Savings Bank* v. *Belden,* 90 Vt. 535, 543, 98 Atl. 1002.

*Decree affirmed, and cause remanded with directions that the decree be altered to include the dismissal of the cross bill.*