HOMER C. SMITH ET AL. *v.* JOSEPH WHITE ESTATE ET AL.

November Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and SHERMAN, Supr. J.

Opinion filed January 5, 1937.

474

476

*Ernest E. Goodrich* for the defendants.

*W. E. Tracy* for the plaintiffs.

SHERBURNE, J.   This is an appeal from a decree of specific performance.   The findings show that Joseph White died intestate in March, 1935, leaving as his only heirs four children, the defendants Eva Parsons and George E. White, and Joseph White and William White, and leaving an estate, including a farm and personal property in Hyde Park.   This farm was encumbered by a mortgage upon which was due the sum of $2,900 and accrued interest from December 20, 1934, and the plaintiffs were liable as endorsers upon the note secured by such mortgage.

The defendant Eva Parsons, having been appointed and having qualified as administratrix of the estate of her father, upon the suggestion of her counsel entered into negotiations with the plaintiffs relative to the purchase by them of the farm and personal property thereon, and as a result the parties met in her counsel's office on May 21, 1935, and entered into a written agreement, whereby she as administratrix and the defendant George E. White agreed to convey this farm and personal property to the plaintiffs and to give good title as soon as the probate court should give leave to convey and the estate had been settled to the extent that title could be made good; and the plaintiffs agreed to pay therefor $2,400 with interest from that date.   On this date Mrs. Parsons had no license from the probate court to sell

the real estate, but she made application on May 31, 1935, and her three brothers signified their approval by signing the application. On June 28, 1935, the probate court duly issued to her a license to sell all of the real estate of the deceased as beneficial to the estate. Thereafter, on July 3, 1936, she "ratified the agreement previously made" by sending to Homer Smith, one of the plaintiffs, a postal card, saying, "I have rec'd the papers yesterday, giving permission to deed Real Estate, so when you and your brother can go to Hyde Park & have it done let me know. I can only go afternoons as Havey is carrying mail."

The chancellor construed the written agreement as requiring the defendant administratrix to convey the real and personal property described therein to the plaintiffs if and when she should be licensed to convey said real estate by the probate court, and to execute for the consideration of $2,400 an administrator's deed therefor with the covenants ordinarily contained in such deeds, and also to require the defendant George E. White to join in said deed for the purpose of quitclaiming his interest in the property, or to execute a separate quitclaim deed therefor, these deeds not to be subject to the mortgage above referred to, nor to any sums due for taxes, including those assessed as of April 1, 1935, but to convey free and clear from said mortgage and taxes; and as possession was given to the plaintiffs immediately after making the agreements so that they had the income from the property thereafter, it was found that they should pay subsequent taxes and that fire insurance premiums should be adjusted to the date of the agreement.

There were no findings that there was sufficient estate to pay the debts and expenses of administration or that the probate court had ordered the administratrix to pay the debts. The decree ordered specific performance, and that the defendants pay the mortgage and back taxes by using the purchase money received from the plaintiffs and such additional sum of money from the estate as might be necessary.

The defendants insist that, because the administratrix had no authority to sell the farm without a license, her said agreement made before obtaining a license is against public policy and void, and that consequently it could not be ratified after the license was obtained. We do not so consider it. In the agreement the administratrix merely agreed to convey if and when she procured a license and the estate had been settled to the

extent that a title could be made good. Until that time arrived she was under no obligation. It can be easily seen that unless such an agreement can be made it may sometimes happen that a chance to make a profitable sale may be lost pending the getting of a license, whereas by such an arrangement a purchaser may be found by assuring him that conveyance of title will be given when authority is obtained, who would not otherwise wait until a license could be had before being assured that he could have the property.

Numerous exceptions were taken to the findings, but no attempt is made to point out specifically any evidence which would sustain them, and so they are not for consideration. *Dunn* v. *Williams*, 107 Vt. 447, 453, 181 Atl. 131, and cases cited. This leaves the case as though there were no such exceptions, and the only question before us is whether the decree is warranted by the pleadings and supported by the findings. *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 238, 153 Atl. 205; *Stevens* v. *Flanders*, 103 Vt. 434, 154 Atl. 673; *Brown* v. *Osgood*, 104 Vt. 87, 156 Atl. 876; *Travelers Ins. Co.* v. *Gebo*, 106 Vt. 155, 160, 170 Atl. 917; *People's Trust Co. of St. Albans* v. *Finn*, 106 Vt. 345, 354, 175 Atl. 4. Except for the one matter which we have discussed, defendants' brief does not touch upon the facts as stated in the findings, but it does attempt to raise several other questions, either upon the assumption of facts which do not appear in the findings, or by way of saying that the chancellor should have found certain facts. Ordinarily in such a case we would simply affirm the decree because these questions are not properly before us, and in our remand would direct the dismissal of defendants' cross bill, as the decree should have done. *Dunn* v. *Williams, supra*, 107 Vt. 447, 454, 181 Atl. 131.

However, because of the lack of certain findings, to which we have called attention, there are two defects in the decree, one the possibility that the administratrix is directed to do something which may be a breach of trust, and which is treated somewhat in defendants' brief upon the basis of facts which defendants claim should have been found, and the other a lack of jurisdiction in the court of chancery under the circumstances to direct the payment of money and the transfer of personal property of the estate.

Under our statutes all estates, without representation of insolvency, are settled as insolvent estates. *Probate Court* v.

*Indemnity Ins. Co. of North America,* 106 Vt. 207, 211, 171 Atl. 336, and cases cited. All claims of an absolute or legal nature against a person at his death must be presented before the commissioners on his estate for allowance, within the time limited by statute, or they will be barred. *Hurlburt Bros.* v. *Hinde,* 86 Vt. 517, 521, 86 Atl. 739; *Abraham, Exr.* v. *Jones, Admr.,* 107 Vt. 77, 176 Atl. 310. Executors and administrators are not liable to creditors for the debts so proved against the estate until after a decree has been made by the probate court for the distribution of the assets among the creditors, and the expiration of the time for payment (*Probate Court* v. *Indemnity Ins. Co. of North America, supra*), unless personally liable because of an express promise to pay the same. *Husted* v. *Stone & Dean,* 69 Vt. 149, 153, 37 Atl. 253.

██ ██ The administratrix is a technical trustee. *Hall* v. *Windsor Savings Bank,* 97 Vt. 125, 145, 121 Atl. 582, 124 Atl. 593; *Reed* v. *Hendee,* 100 Vt. 351, 353, 137 Atl. 329; *D'Amato* v. *Donatoni,* 105 Vt. 496, 506, 168 Atl. 564. As such she has no right to pay one creditor a larger proportion of his debt than another unless such creditor is given a preference by law. In the absence of a finding that there are sufficient assets in the estate to pay all debts and expenses of administration, the result of carrying out the decree might be the paying out from the estate of over $500 and the transferring of the personal property upon the farm for the full satisfaction of a debt against the farm which is partially unsecured because in excess of the value of the security, and thereby making it impossible to pay the other creditors their *pro rata* shares. In this event the court of chancery might be enabling the plaintiffs, who are endorsers of the mortgage note, to gain an unfair advantage over the other creditors. Until it is found that the estate is ample to pay all debts and expenses of administration the payment and transfer in question should not be ordered.

██ ██ Under our statutes the probate court is given plenary and exclusive jurisdiction in the matter of settlement of estates, and the jurisdiction of the court of chancery in such matters is not original but special and limited, and only in aid of the probate court when the powers of that court are inadequate. *Mathews* v. *Drew,* 106 Vt. 245, 247, 172 Atl. 638, and cases cited. An administrator is a representative of limited authority. Speaking broadly, his duties are to collect the assets

of the estate, pay its debts, and distribute the residue to those entitled. His powers are only those delegated to him by statute, and he has no implied powers except such as are necessarily incident to those conferred. Beyond this, his contracts, though made in the name and for the benefit of the estate, bind him alone. If he attempts to pledge the credit of the estate in such a contract, his right to discharge the obligation out of estate funds depends upon its being so beneficial to the estate as to receive the sanction of the probate court. *Hall* v. *Windsor Savings Bank, supra,* 97 Vt. 125, 143, 121 Atl. 582, 124 Atl. 593, and cases cited.

The decree orders the administratrix to pay money from the funds in the estate and to transfer personal property to satisfy an obligation contracted by her. Unless previously ordered by the probate court to pay the mortgage debt in full, the only way she can be allowed such a payment and transfer is by that court upon the settlement of her account, as such court has exclusive jurisdiction of such account, and its adjustment cannot be drawn into another court. *Probate Court* v. *Van Duzer,* 13 Vt. 135, 140.

An objection to jurisdiction over the subject matter is never out of time, and neither waiver nor consent can confer jurisdiction where it is not given by law. *Fuller & Co.* v. *Morrison,* 106 Vt. 22, 169 Atl. 9, and cases cited. And a court will take appropriate action, whether moved by a party or not, when it is discovered. *Miner's Exrx.* v. *Shanasy,* 92 Vt. 110, 102 Atl. 480; *Town of Barton* v. *Town of Sutton,* 93 Vt. 102, 106 Atl. 583; *Fillmore, Admr.* v. *Morgan, Admx.,* 93 Vt. 491, 108 Atl. 840.

We have no occasion to determine what effect, if any, sections 2905 to 2908 inclusive of the Public Laws may have upon the situation.

*Decree reversed, and cause remanded.*