### Joseph Tokarski v. Fred A. Gates and Shirley R. Gates

[414 A.2d 1155]

No. 89-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 8, 1980

*Harry A. Black* of *Black & Plante,* White River Junction, for Plaintiff.

*Edwin W. Free, Jr.,* Barre, for Defendants.

**Larrow, J.** Plaintiff, Joseph Tokarski, appeals from a judgment of the Windsor Superior Court awarding defendants, Fred A. and Shirley R. Gates, an undivided one-half interest in certain real property located in Barnard, Vermont. At trial, and here on appeal, plaintiff has asserted that he owns the entire property by resulting trust.

In 1964, plaintiff and defendant Fred Gates, who had known each other in the military, decided to purchase the land in question. Title was taken in the names of plaintiff and defendants, plaintiff receiving an undivided one-half interest, and defendants (husband and wife) receiving the other undivided one-half interest as tenants by the entirety. Plaintiff paid the down payment of $5,600, and the balance, $5,400, was financed by a note and mortgage executed by all the parties. Since the conveyance, all mortgage payments have been made by plaintiff, and all taxes, after the first year, have been paid by defendants.

After the purchase of this large tract, plaintiff conveyed a one acre parcel, by straw deed, to defendants subject to the original mortgage. No consideration was paid for this transfer, conceded to be a gift, and defendants have since built a house on this parcel.

In early 1966 plaintiff, confronted with financial difficulties and to avoid his creditors, conveyed his undivided one-half interest to defendants. Later, defendants conveyed out of this large tract, with the knowledge and assent of plaintiff, a two and one-half acre lot to one Tracy.

On these facts, the trial court found that defendants owned the one acre parcel in fee and were entitled to a one-half interest in the balance of the property, less the two and one-half acres conveyed to Tracy and subject to the original mortgage. The court ordered defendants to reimburse plaintiff for one-half of the difference between their expenditures on

account of the property and the larger expenses of the plaintiff. This part of the judgment is not controverted, and is a compilation of the original down payment and interim payments by the parties on the mortgage, and for taxes, insurance, a survey, and attorney fees. The defendants, at trial and here, only claim title to an undivided one-half interest.

Plaintiff appeals from this judgment, claiming that the trial court erred in not finding him to be the owner of this entire tract under a resulting trust. We disagree and affirm the lower court's judgment.

■ The law of resulting trusts, though not extensively treated in Vermont case law, particularly as to the instant facts, is quite clear. As a general rule, when a "conveyance of land is made to one person, and the purchase money is paid by another, a resulting trust is thereby created . . . for the use and benefit of the person paying the money." *Dewey* v. *Long,* 25 Vt. 564, 568 (1853) ; see *Dunn* v. *Williams,* 107 Vt. 447, 451, 181 A. 131, 132–33 (1935); *Donovan* v. *Selinas,* 85 Vt. 80, 84, 81 A. 235, 236 (1911); V A. Scott, Trusts § 440 (3d ed. 1967) ; 76 Am. Jur. 2d *Trusts* § 209 et seq. The essential elements of this rule are the payment of consideration and the parties' intent at the time of the conveyance. See generally, 76 Am. Jur. 2d *Trusts* § 206 et seq.

■ In the instant case, there has been no showing that plaintiff paid the consideration but did not receive a beneficial interest in the property; nor has there been any clear showing that the parties originally intended that only plaintiff hold legal title. See *Dunn* v. *Williams, supra,* 107 Vt. at 451, 181 A. at 133. In fact, although plaintiff paid the down payment, all the parties signed the mortgage and note to secure the balance due on the property. In jointly executing this mortgage and note, defendants gave "consideration," as they took on an obligation and exposed themselves to liability in the event of a default. *Masgai* v. *Masgai,* 460 Pa. 453, 459, 333 A.2d 861, 864 (1975) ; cf. *Corey* v. *Morrill,* 71 Vt. 51, 55, 42 A. 976, 977 (1898) (care and support held to be consideration). Moreover, as to the parties' intent at the time of the conveyance, plaintiff admitted on cross-examination that he was to take an undivided one-half interest, and defendants would receive the remaining one-half interest. Furthermore, this intent was

manifested in the execution of the note and mortgage; plaintiff and defendants all signed. Also, this intent was shown by the manner in which the deed was drawn; plaintiff and defendants were named in it.

We have examined the cases which plaintiff cites in support of his position, and find that they differ materially from the case at bar. Title in those cases was not taken by the payor, as here, but by a third party. Moreover, those cases involved situations where no consideration was furnished by the holder of legal title. In the instant case, defendants gave consideration by signing the note and mortgage.

In addition, there is substantial authority which holds that no resulting trust is created when ownership is taken jointly by the payor and another party. When a "payor takes title to property in the name of himself and another jointly [there] is an indication of an intention of the payor to make a *beneficial gift*," and therefore no resulting trust is created. *Masgai* v. *Masgai, supra,* 460 Pa. at 459, 333 A.2d at 864 (emphasis added); V A. Scott, Trusts § 441.4 (3d ed. 1967); Restatement (Second) of Trusts § 441, Comment e (1959).

The trial court's conclusion that a resulting trust was not created under these facts being supported by the evidence and law, judgment will be affirmed.

*Judgment affirmed.*